■ ROBERT TIMMONS, Individually and as Administrator of SUZANNE L. TIMMONS, Deceased, Appellant, v ANITA M. HECKER, Respondent.

Trial Term correctly denied the motion by plaintiff's counsel to strike the testimony of the pathologist and toxicologist based on defendant's failure to disclose the names of those witnesses during discovery. The toxicologist and pathologist testified as expert witnesses; as such, their names would ordinarily not be discoverable (*see, Kincaid v Sears, Roebuck & Co.,* 79 AD2d 1094, 1095; Siegel, NY Prac § 349). Moreover, the toxicologist's report was independently admissible under County Law § 674 (3) (b) (*see also, Short v Ohland Meat Corp.,* 108 Misc 2d 338 [Niehoff, J.]). As to any purported deficiencies in the chain of custody relating to blood samples taken from the deceased, such matters went to the weight and not to the admissibility of the resulting report (*see, People v Capers,* 105 AD2d 842).

Although certain errors occurred in the court's charge, we do not view them as rising to a degree of significance sufficient to merit reversal on this record. Moreover, the court's charge, as a whole, amply and correctly apprised the jury concerning comparative negligence and proximate cause. Finally, the verdict was clearly not against the weight of the credible evidence. Accordingly, the judgment is affirmed. Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.