■ SARBRO REALTY CORPORATION, Appellant, v ARA KRADJIAN et al., Respondents.—Casey, J. Appeal from an order of the Supreme Court at Special Term (Ellison, J.), entered May 22, 1985 in Broome County, which, *inter alia,* directed plaintiff to respond to various disclosure demands served by defendants.

Plaintiff commenced this action by service of a summons

---

* Subject to the usual rules with respect to motions in adjoining counties *(see,* CPLR 2212 [a]).

with notice, followed by a 25-page complaint which contained 90 separate paragraphs and sought injunctive relief and treble damages for alleged violations of the State's Donnelly Antitrust Act (General Business Law § 340), which prohibits the unreasonable restraint of trade. Shortly after answering, certain defendants served disclosure demands, including written interrogatories, a demand for witnesses' names and addresses, a notice of deposition and a notice of discovery and inspection. The written interrogatories were contained in a 31-page document and consisted of some 200 questions. The remaining defendants served a lengthy demand for a bill of particulars which consisted of 63 numbered demands. Plaintiff moved for a protective order vacating, conditioning or limiting defendants' demands. Special Term effectively denied plaintiff's motion, directing it to respond to the disclosure demands to the best of its ability. Plaintiff appeals.

The trial court is vested with broad discretion in supervising disclosure (see, e.g., Nitz v Prudential-Bache Sec., 102 AD2d 914; Maggio v State of New York, 88 AD2d 1087). This discretion must be exercised in light of the court's broader duty to facilitate the resolution of civil actions (Plattsburgh Distrib. Co. v Hudson Val. Wine Co., 108 AD2d 1043) and based upon the well-settled principle that the disclosure provisions of the CPLR are to be interpreted liberally, with the test being one of usefulness and reason (Allen v Crowell-Collier Pub. Co., 21 NY2d 403, 406).

The parties are in agreement that this is a complex case. Special Term concluded that although defendants' demands were lengthy and searching, to the point of being "intimidating", they were "necessary and proper given the breadth of plaintiff's allegations". The court also found no reason to require defendants to submit to depositions prior to receiving plaintiff's response to the disclosure demands, thereby rejecting plaintiff's claim that it was entitled to priority of disclosure. Our review of the record reveals no abuse of discretion by Special Term and, therefore, its order should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.