OPINION OF THE COURT
Nicholas A. Clemente, J.
In an action to recover for medical malpractice, plaintiff moves for a protective order as against the discovery and inspection demand of Caponegro which requests expert witness information.
Since this is an action commenced after July 1, 1985, which is the trigger date for the amendment to the CPLR as it relates to the disclosure of experts, this issue warrants inquiry. Defendant Caponegro’s notice for discovery and inspection dated March 12, 1986, requests in items Nos. 1, 2 and 5, the following:
1. The field of discipline of study in which the witness is to be offered as an expert.
2. Set forth a summary of the witness’ qualifications within the field, and a curriculum vitae of the witness including any and all materials published, setting forth when published, by whom published and the titles of the articles.
5. Set forth the dates of all reports rendered by any such expert or experts.
Plaintiff contends that items Nos. 1, 2 and 5 are couched in terms seeking to ascertain the name or identity of his expert which is asserted to be nondiscoverable. Defendant Caponegro, on the other hand, maintains that the items strictly comply with CPLR 3101 (d) (1) (i). CPLR 3101 (d) (1) (i), as amended in 1985, provides: "(d) Trial preparation. 1. Experts, (i) Upon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each *1025 expert’s opinion * * * In an action for medical or dental malpractice, a party, in responding to a request, may omit the names of medical or dental experts but shall be required to disclose all other information concerning such experts otherwise required by this paragraph.”
Prior to the 1985 amendment, there was little question that the names of expert witnesses would ordinarily not be discoverable (Timmons v Hecker, 110 AD2d 762). While the 1985 amendment changed that rule, it created an exception for medical or dental malpractice actions permitting a party to omit the names of medical or dental experts although the other information called for by CPLR 3101 (d) (1) must be provided.
 In considering items Nos. 1, 2 and 5 of Caponegro’s notice for discovery and inspection, it must be remembered that CPLR 3101 (d) (1) requires a party to disclose the qualifications of the expert. Thus, item No. 1 and the portion of item No. 2 asking for a summary of the witness’ qualifications within the field are clearly matters made discoverable by CPLR 3101 (d) (1). The portion of item No. 2, however, calling for a curriculum vitae including materials published, when published, by whom published and the titles of the articles goes beyond that which can be contemplated as falling within CPLR 3101 (d) (1) whether or not the action is one for malpractice.
While it is obvious that in the restricted world of expert testimony parties may indeed deduce the identity of an expert and thus defeat the intent of the statute, nevertheless, it cannot be imagined that the Legislature intended that one party do the spadework of another party. Therefore, whether an expert’s identity is discoverable or deducible, one party need not supply to the other the curriculum vitae materials or titles of articles published by his expert. Accordingly, the second portion of item No. 2 should be stricken.
This, of course, does not resolve what must be disclosed under the first portion of item No. 2 requesting witness qualifications. While CPLR 3101 (d) (1) requires disclosure of a witness’ qualifications, it fails to define the word "qualifications”.
Thus, the broadness of the definition will determine the extent of the information discoverable.
In that regard, in Matott v Ward (48 NY2d 455, 459), the court stated: "Generally speaking, a predicate for the admis *1026 sion of expert testimony is that its subject matter involve information or questions beyond the ordinary knowledge and experience of the trier of the facts. Moreover, the expert should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable. (McCormick, Evidence [2d ed], § 13; see, generally, § 10; Wig-more, Evidence, vol 2, §§ 555-567; vol 7, §§ 1917-1929; Richardson, Evidence [10th ed — Prince], §§ 366-368.)”
Similarly, in discussing whether a witness qualifies as an expert, Molinari v Conforti & Eisele (54 AD2d 1113) speaks in terms of "skill, knowledge or experience”. Thus, it is fair to conclude that CPLR 3101 (d) (1) as it relates to the qualifications of experts, requires disclosure of information concerning the expert’s "skill, training, education, knowledge or experience” provided that the witness’ identity (in a malpractice action) is not thereby exposed. Clearly, disclosure of the place of education, extent of education, special areas of practice, the number of years of practice and whether or not the expert is board certified should be disclosed as bearing upon qualifications of the witness.
Remaining for consideration insofar as the notice for discovery and inspection is concerned is item No. 5. In my view, it should be stricken. It is true that CPLR 3101 (d) (1) is a statute which calls for broad disclosure and that it does not specifically exclude from disclosure the date of the expert’s report. Nevertheless, disclosure of the dates of the experts’ reports appears to fall outside the ambit of CPLR 3101 (d) (1). What is sought is really not the dates but the number of times an expert has been consulted. The statute only requires that a party supply "the substance of the facts and opinions * * * and a summary of the grounds for each expert’s opinion.”
[Portions of opinion omitted for purposes of publication.]