■ CLAUDIA RENUCCI, Respondent, v MERCY HOSPITAL, Ap-

pellant, et al., Defendants

Absent a showing that a party seeking discovery has need of materials in the preparation of the case and is unable without undue hardship to obtain a substantial equivalent by other means, materials prepared "in anticipation of litigation or for trial" are exempt from disclosure (CPLR 3101 [d] [2]). Accordingly, a medical report prepared for litigation remains exempt under the 1985 revision of CPLR 3101 (d) (L 1985, ch 294, § 4; cf. *Hoenig v Westphal,* 52 NY2d 605, 608-609; *Zimmerman v Nassau Hosp.,* 76 AD2d 921, 922; Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:29, p 8 [1986 Pocket Part]).

In addition, we agree with Special Term that the Hospital's request for disclosure of the identity of medical experts was improper and that its request concerning qualifications was excessively detailed (CPLR 3101 [d] [1] [i]). Moreover, the Hospital's request for the "facts and opinions" upon which the plaintiff's expert was expected to testify was improper, as the Hospital was entitled to only the "substance" thereof (CPLR 3101 [d] [1] [i]). The Hospital's demand for disclosure posed only one question that was not subject to objection. Under these circumstances the remedy is not a pruning of the demand either by Special Term or this court, but rather vacatur of the entire demand *(see, Nazario v Fromchuck,* 90 AD2d 483). Mangano, J. P., Weinstein, Lawrence and Eiber, JJ., concur.