OPINION OF THE COURT
Robert F. Doran, J.
This motion for a protective order against a notice of discovery and inspection for expert witnesses is another sample of the problems that will continue to confront individual assignment system (IAS) Judges as a result of the 1985 amendment to CPLR 3101 (d) contained in the medical malpractice statute enacted 1985 (L 1985, ch 294).
The amendment to CPLR 3101 (d) requires the disclosure of certain formerly privileged expert witness evidence and the qualifications of the expert. The amendment sets forth few guidelines as to what would constitute a proper request. Already, courts and other IAS Judges have struggled with certain aspects of the amendment (see, Renucci v Mercy Hosp., 124 AD2d 796; Salander v Central Gen. Hosp., 130 Misc 2d 311; Rogowski v Day Co., 130 Misc 2d 801; Dunn v Medina Mem. Hosp., 131 Misc 2d 971; Hamilton v Wein, 132 Misc 2d 1023; Avila v State of New York, 132 Misc 2d 1068; Galtman v Edelman, 134 Misc 2d 599).*
The situation before this court involves to what extent the qualifications of a medical expert must be revealed and the scope of the disclosure required to be set forth as to an economist or actuary.
CPLR 3101 (d) states that the qualifications of each expert witness must be disclosed. However, it goes on to say that a party may omit the names of medical or dental experts but shall be required to disclose "all other information concerning such experts otherwise required by this paragraph”. The Legislature was cognizant of the fact that there had been efforts by some physicians to directly or indirectly discourage their fellow practitioners from giving expert testimony against them.
The problem confronting the court is obvious. How much *202 information as to the background of a medical expert should be required to be given? There comes a point at which a certain amount of information will identify the name of the expert, and that is, of course, contrary to the intent of the amendment.
To give full flavor to the problems presented in this case, the court will set forth in full the notice of discovery:
"1. With respect to each expert witness (whether that witness will be testifying regarding liability or damages) retained or employed by you or your firm in anticipation of this litigation or preparation for trial whom it is expected will be called at the time of trial, indicate:
"a) The area of expertise;
"b) Educational background, including the names and addresses of each (medical) school attended and dates attended;
"c) The names and addresses of each hospital to which an internship and residency was served and the dates thereof;
"d) The name [sic] and addresses of each hospital in which privileges of admitting patients is extended, the year in which said privileges were originally extended and the nature of the privilege;
"e) The state or states in which this individual was/is licensed to practice medicine;
"f) Each state in which this individual is actively engaged in the practice of medicine;
"g) Societies which each said expert is a member of and the date of each membership;
"h) The present board certification and/or qualifications, if any, and the dates given, of each proposed expert witness;
"i) The subject matter on which each expert is expected to testify, including each alleged departure from good and accepted practice which said expert will testify;
"j) The substance of these facts and opinions to which each expert is expected to testify, including a summary of his or her grounds for each opinion;
"k) The dates of all reports rendered by each such expert;
"l) Whether the expert has ever conducted an examination of the Plaintiff or the product involved.”
"2. If you expect to call an economist or actuary, state:
"a) A specific description of the losses for which such calculations will be made (i.e., present value of the loss of *203 future earnings, present value of loss of second job earnings, present value of future medical expenses, etc.);
"b) The undiscounted amount of such loss;
"c) The present value of the dollar amount of such loss;
"d) The discount rate applied by such person to determine present value and the reason for such rate;
"e) The number of years involved in such discounting process and the opinions and facts on which the economist bases the determination of that number of years;
"f) With regard to testing concerning a growth of future income on an annual or other basis at a projected rate of income greater than the income earned by the Plaintiff when last employed, state the growth rate for such income as estimated by such person, and the opinions and facts on which that estimate is based;
"g) Specify each factor other than those which have been noted above, which the person has used in calculating the net amount of the present value of the loss and identify [sic] specifically the source material and page number on which such person bases his opinion or draws the facts on which he relied;
"h) In detail, state precisely the manner in which the person reached his or her conclusions, showing the mathematical calculations involved.”
Defendant St. Peter’s Hospital agrees that it should respond to paragraphs 1 (a) and 1 (j). Defendant also agrees that it should respond to so much of paragraph 1 (i) as requests "[t]he subject matter on which each expert is expected to testify”.
The court concludes that defendant is properly opposing answering the rest of the items under paragraph 1. With answers to all those questions, it would not take an experienced detective to easily discover the name of the medical expert. This court is of the opinion that the Legislature, by adding the specific requirement that the name of a medical or dental expert does not have to be revealed, meant to sharply curtail what has to be disclosed as to qualifications.
This is not the view of all courts which have addressed this matter thus far. For example, Justice Nicholas A. Clemente in Hamilton v Wein (132 Misc 2d 1023, 1026, supra) holds that disclosure of the place of education, extent of education, special areas of practice, number of years of practice and whether or not the medical expert is board-certified should be *204 disclosed as bearing upon qualifications of the witness under the amendment.
It is obvious that there is going to be no easy answer for every case.
As to items requested in paragraph 1 (k) and 1 (l), the court concludes that these requests are simply beyond the scope allowable under the amendment (Hamilton v Wein, 132 Misc 2d 1023, 1026, supra).
Turning to the material requested as to an economist or actuary, the court concludes that these requests go entirely beyond what is required to be given under the recent amendment. These requests go into detailed evidentiary matters. The amendment allows only the discovery of the subject matter in which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert’s testimony in "reasonable detail”. The complex and detailed questions posed by paragraph 2 probe much deeper than the extent permitted by the amendment.
Under the circumstances, the remedy for paragraph 2 is not a pruning of the demand by the court but, rather, vacatur of the entire demand (see, Nazario v Fromchuck, 90 AD2d 483; Renucci v Mercy Hosp., 124 AD2d 796, supra).
The court also notes that, if this matter is resubmitted, plaintiff should make clear whether the qualifications sought of each expert witness under paragraph 1 apply also to the economist or actuary. The nature of the questions under paragraph 1 appears to be limited solely to medical experts.

 After the date of this decision, the Appellate Division, Third Department, handed down an important opinion decision dealing with CPLR 3101 (Pizzi v Muccia, 127 AD2d 338).