■ STEVEN CATINO, Appellant, v LEONARD KIRSCHBAUM et al., Defendants, and STUART G. SELKIN et al., Respondents.—In a medical malpractice action, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), entered February 10, 1986, as denied his motion for a protective order vacating certain items of the respondents' demand for the disclosure of the qualifications of his experts.

Ordered that the order is affirmed insofar as appealed from, with costs.

While CPLR 3101 (d) (1) (i) grants a party the right to not disclose the name of a prospective medical expert, its underlying purpose is not to preclude any possibility of identifying an adversary's medical expert in a medical, dental or podiatric malpractice action. In the instant case, the respondents' October 2, 1985 demand for the disclosure of the qualifications of the plaintiff's experts was not unduly burdensome. Under the circumstances, Special Term did not abuse its discretion in denying the plaintiff's motion for a protective order to the

extent indicated *(see, Dunsmore v Paprin,* 114 AD2d 836, 837; *Nitz v Prudential-Bache Sec.,* 102 AD2d 914, 915; *Oppenheimer v Shubitowski,* 92 AD2d 1021, 1022, *appeal dismissed* 59 NY2d 970). Mollen, P. J., Brown, Weinstein and Eiber, JJ., concur.