HELENE M. PIZZI et al., Appellants, v JOHN MUCCIA, Respondent, et al., Defendants.

Third Department, April 30, 1987

*Baron & Vesel (Michael C. Modansky* of counsel), for appellants.

*Feldman & Kleidman (Paul S. Kleidman* of counsel), for respondent.

## OPINION OF THE COURT

MAIN, J.

In this medical malpractice action, defendant John Muccia (hereinafter defendant) has demanded, pursuant to CPLR 3101 (d), certain information concerning the persons that plaintiffs intend to call as expert witnesses at the trial of this action. Plaintiffs object to two of the six demands; demand No. 5, dealing with the dates of the experts' reports, because such disclosure is unauthorized by CPLR 3101 (d) (1), and demand No. 6, dealing with the experts' qualifications, because the demanded disclosure would effectively disclose the experts' identities contrary to the mandate of CPLR 3101 (d) (1). Their motion for a protective order vacating defendant's demand was denied on the basis that the report dates could not be considered prejudicial and that everything requested in demand No. 6 is relevant to the experts' qualifications. This appeal by plaintiffs ensued.

Prior to 1985, CPLR 3101 (d) specifically provided that the opinion of an expert, prepared for litigation, was not subject to disclosure. In 1985, the statute was extensively revised as part of a comprehensive medical malpractice bill (L 1985, ch

294, § 4). Now, a party in a medical malpractice action may seek disclosure of the subject matter on which the expert is expected to testify, the substance of the facts and opinions on which the expert is expected to testify, a summary of the grounds for the expert's opinion and the expert's qualifications. However, the identity of a medical expert need not be disclosed, apparently due to concern that some physicians would attempt to discourage other physicians from testifying against them if the witnesses' identities were revealed prior to trial (see, Siegel, 1985 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:29 [1987 Pocket Part], at 10).

■ Considering first demand No. 6, we note that the term "qualifications" as used in CPLR 3101 (d) (1) is not defined; however, in order to be deemed qualified, an expert "should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that * * * the opinion rendered is reliable" (Matott v Ward, 48 NY2d 455, 459). In light of this standard, it is apparent that defendant is entitled to disclosure of requested items which bear upon the skill, training, education, knowledge and experience of plaintiffs' experts. The items requested in demand No. 6 meet this criteria, and plaintiffs themselves do not deny that the requested information relates to qualifications. It is plaintiffs' position that, even if the items relate to qualifications, the request is so detailed that disclosure would have the net effect of disclosing the experts' identities, even though their names are never mentioned (see, Hamilton v Wein, 132 Misc 2d 1023). We do not deny this possibility and note that, in an appropriate case, a court could strike a request for qualifications when it is demonstrated that the expert's identity would thereby be revealed. However, when a party moves for a protective order pursuant to CPLR 3103, the moving party bears the burden of demonstrating that the items sought are immune from disclosure; the mere assertion that the items are immune is insufficient (see, Koump v Smith, 25 NY2d 287, 294; Graf v Aldrich, 94 AD2d 823, 824). Here, while plaintiffs assert that the qualification items sought by defendant are immune from disclosure because they effectively reveal the experts' identities, they have made no demonstration of how the identities would be revealed. The mere assertion that identities would be revealed is insufficient. The trial court has broad discretion in supervising disclosure (see, Sarbro Realty Corp. v Kradjian, 116 AD2d 866; Nitz v Prudential-Bache Sec., 102 AD2d 914),

and we find no abuse of discretion in Supreme Court's refusal to strike demand No. 6.

■ Consideration of demand No. 5 leads to a different result. That demand requested disclosure of the dates of all reports prepared by plaintiffs' experts. While we recognize that the purpose of the 1985 amendment of CPLR 3101 (d) was "to expand disclosure, not contract it" (Siegel, 1985 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:29 [1987 Pocket Part], at 7), the amendment permits disclosure of only the substance of the experts' facts and opinions and a summary of the grounds for the opinions; as was the case before the 1985 amendment, the experts' reports themselves are immune from disclosure (see, Renucci v Mercy Hosp., 124 AD2d 796). In light of this, we see no legitimate purpose to be served by disclosure of the reports' dates, and this demand should be stricken.

■ Finally, we find no error in Supreme Court's refusal to strike portions of the final paragraph of defendant's demand, which essentially states that the disclosure is a continuing demand.* As both sides readily admit, the language is surplusage, since a demand for expert witness information under CPLR 3101 (d) is considered to be a continuing request anyway (see, Siegel, 1986 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:29 [1987 Pocket Part], at 4).

KANE, J. P., CASEY, MIKOLL and HARVEY, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion for a protective order vacating demand No. 5 in defendant John Muccia's demand for expert witness information; motion granted to that extent and demand No. 5 vacated; and, as so modified, affirmed.

---

* Contrary to plaintiffs' argument, we find no discrepancy between Supreme Court's decision and the order entered. The decision did not indicate that the complained-of language should be stricken.