OPINION OF THE COURT
William H. Keniry, J.
In this medical malpractice action, the court is presented with a discovery issue- with important ramifications arising out of the Legislature’s amendments to CPLR 3101 (d) which were part of the Medical Malpractice Insurance-Comprehensive Reform Act enacted in 1985 (L 1985, ch 294, § 25). The plaintiff has served a notice for discovery and inspection upon the defendants Albany Medical Center and Harry C. Odabashian, Jr., which seeks, in pertinent part, the following information: "Identify each person whom the defendant(s) expects to call as an expert witness at trial and with respect to each expert, disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert’s opinion.”
In a supplemental response thereto, the defendant Albany Medical Center has stated as follows: "Defendant’s expert is a *330 graduate of Freien Berlin University, he is board certified in internal medicine and specializes in cardiovascular diseases. He will testify based on the medical record and the depositions that plaintiff had a clinically stable angina and that bypass surgery was an elective procedure. He will further testify that the patient did not require urgent or immediate surgery. He will further testify that all actions taken on behalf of the defendant Albany Medical Center Hospital were reasonable and that there was no malpractice on their part.”
The defendant Odabashian responded to the plaintiff’s demand that: "Defendant is unable to state, at this time, which expert witness it intends to call at trial, but will make such information available prior to the time of trial.”
Plaintiff now moves for an order, pursuant to CPLR 3126, prohibiting the defendants Albany Medical Center and Dr. Odabashian from introducing any expert testimony or other expert proof at trial based upon their failure to meaningfully and properly respond to the plaintiff’s demands for expert witness information. In addition, the plaintiff seeks a preclusion order against Dr. Odabashian based upon his failure to adequately respond to the plaintiff’s demand for a bill of particulars seeking a specification of the acts of contributory negligence and culpable conduct on the part of the plaintiff’s decedent, Elmer Hernits.
Elmer Hernits died of a heart attack on October 10, 1983. The plaintiff is the daughter of Elmer Hernits and is the administratrix of his estate. The facts underlying this claim are that, upon the recommendation of his personal physician, Mr. Hernits consulted with Dr. Odabashian, a cardiologist, who performed a cardiac catherization upon the decedent on June 20, 1983 at the Albany Medical Center. Thereafter, the plaintiff alleges that Dr. Odabashian, based upon the test results which showed significant coronary artery disease and occlusions, recommended that Mr. Hernits undergo coronary bypass surgery. Plaintiff alleges that arrangements were then made with one Dr. John Collins of the Harvard Medical School to perform the operation in Boston. Before such operation could be scheduled, Dr. Collins needed to review the catherization reports and films. The plaintiff alleges that Dr. Odabashian and Albany Medical Center were requested to forward that information to Dr. Collins and that as a result of the defendants’ negligence, the records of Elmer Hernits were misplaced, were not timely located and were not forwarded to Dr. Collins until September 7, 1983. Plaintiff alleges that the *331 two-month delay in forwarding the records prevented the scheduling of the bypass surgery and, that while waiting for the operation to be performed, Elmer Hernits sustained a fatal heart attack. The plaintiff alleges that if Dr. Odabashian and Albany Medical Center had promptly forwarded the records to Dr. Collins, the surgery would have been performed before the decedent suffered the fatal attack.
Since this action was commenced after July 1, 1985, the provisions of CPLR 3101 (d) as amended specifically authorize the pretrial disclosure of certain information by each party with respect to expert witnesses intended to be called to testify at trial. The statute provides that: "(d) Trial preparation. 1. Experts, (i) Upon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert’s opinion. However, where a party for good cause shown retains an expert an insufficient period of time before the commencement of trial to give appropriate notice thereof, the party shall not thereupon be precluded from introducing the expert’s testimony at the trial solely on grounds of noncompliance with this paragraph. In that instance, upon motion of any party, made before or at trial, or on its own initiative, the court may make whatever order may be just. In an action for medical, dental or podiatric malpractice, a party, in responding to a request, may omit the names of medical, dental or podiatric experts but shall be required to disclose all other information concerning such experts otherwise required by this paragraph.”
The plaintiff contends that defendant Albany Medical Center’s response is inadequate and that Dr. Odabashian should not be allowed to defer his designation of an expert to the eve of trial. The court notes that significant pretrial discovery, including the depositions of all parties and numerous non-party witnesses, has been held and that a request for the designation of a medical malpractice panel has just been made. The plaintiff alleges that to allow the defendants to stand by their present responses is tantamount to noncompliance with CPLR 3101 (d) (1) and that such responses do not accord with the legislative purpose behind the amendments. The defendant Albany Medical Center contends that its sup *332 plemental response provides adequate disclosure. Defendant Dr. Odabashian takes the position, in essence, that the statute imposes no requirement that the party be compelled to designate an expert who is expected to be called at- trial at any particular time and therefore, his response is appropriate.
Since its amendment, CPLR 3101 (d) (1) has been scrutinized in a number of reported decisions (Olden v Bolton, 137 AD2d 878 [preclusion of testimony of expert witness upheld based upon failure to timely disclose]; Travis v Wormer, 136 AD2d 933 [plaintiff must disclose identity of medical expert to defendant drug manufacturer sued in strict products liability and breach of warranty notwithstanding other pending claim of medical malpractice against codefendants]; Pizzi v Muccia, 127 AD2d 338 [plaintiff failed to adequately demonstrate how disclosure of expert’s qualifications would reveal his identity]; Renucci v Mercy Hosp., 124 AD2d 796 [defendant’s request for identity of medical experts was improper; its request for qualifications was excessively detailed and hospital was only entitled to "substance” of expert’s testimony]; Catino v Kirschbaum, 129 AD2d 758 [purpose of CPLR 3101 (d) (1) is not to preclude any possibility of revealing expert’s identity]; McGoldrick v Young Health Center, 135 Misc 2d 200 [court limited disclosure of expert’s background information to prevent identification and directed disclosure only of area of expertise]; Hamilton v Wein, 132 Misc 2d 1023 [party required to disclose expert’s educational background, extent of education, speciality, number of years of practice and board certification]; Dunn v Medina Mem. Hosp., 131 Misc 2d 971 [court cannot order party to retain expert at any particular stage of litigation particularly if discovery not completed]; Salander v Central Gen. Hosp., 130 Misc 2d 311 [dilatory tactics in disclosing expert information will not be countenanced]).
No decision has addressed the specific issue that is raised in this itiotion. Plaintiff made a full and complete disclosure in compliance with CPLR 3101 (d) (1) some 18 months ago. The defendants have had the benefit of such information throughout the discovery process. In return, the defendant hospital has given a somewhat terse and limited response, which in the court’s opinion says no more than that the hospital was not negligent; that the plaintiff’s condition was stable and that there was no need to expeditiously deliver the test results and records to Boston. Dr. Odabashian has simply stated that his compliance with CPLR 3101 (d) (1) is premature since he has not yet designated an expert to testify on his behalf at trial. *333 Plaintiff argues that her failure to receive an adequate response from the hospital and the delay of the defendant Odabashian in designating an expert will be prejudicial since her attorney will not have the benefit of such information in preparing for trial.
One of the reasons for the 1985 réform legislation was to expedite the resolution óf malpractice claims in order to reduce litigation costs (mem of State Executive Dept, 1985 McKinney’s Session Laws, at 3024). Such memorandum emphasized that: "Since the testimony of expert witnesses is often the single most important element of proof in medical malpractice and other personal injury actions, sharing information concerning these opinions encourages prompt settlement by providing both parties an accurate measure of the strength of their adversaries’ case. In addition, both parties will be discouraged from asserting unsupportable claims or defenses, knowing that they will be required to disclose what, if any, expert evidence will support their allegations.” (1985 McKinney’s Session Laws, at 3025.)
It was hoped that such disclosure would weed out nonmeritorious claims or defenses. The statute itself and the legislative history provide no guidelines as to the timing of such discovery but the statute makes allowance for a last minute designation. A party may upon a showing of good cause retain an expert on the eve of trial and, with court permission, present such expert testimony without complying with CPLR 3101 (d) (1) (see, 3A Weinstein-Korn-Miller, NY Civ Prac fl 3101.52 [a]).
Although the court is empowered pursuant to 22 NYCRR 202.56 (b) to set certain dates for the completion of pretrial discovery in IAS medical malpractice cases assigned to it, this court does not believe that such rule allows the court to interfere with an attorney’s trial strategy which could indeed include whether an expert should be engaged to testify at trial and if so, when such a retention should be made. However, as the defendant Odabashian is well aware, this case is almost ready for the scheduling of a trial and the information-gathering process which sometimes is a necessary predicate for the selection and retention of a trial expert has been effectively completed. Though this court does not question the integrity of defendant Odabashian’s counsel in tendering the present response, the court must emphasize that any litigant who attempts an llth-hour response to an adversary’s outstanding demand for expert witness information assumes the additional *334 burden of explaining the late notice as well as establishing "good cause”. As explained in 3A Weinstein-Korn-Miller (NY Civ Prac H 3101.52 [a]): "The exemption in CPLR 3101 (d) (1) (ii) [sic] should be granted only when the party seeking it shows 'good cause’ for the delayed selection of a trial expert. Further, it applies only to an expert 'retained’ shortly before trial, not to one who has assisted in preparing the case but was only classified as a trial expert at the last minute. Finally, a party seeking exemption should be required to exercise diligent good faith efforts to provide notice immediately after retaining a trial expert, even though a previous request for trial expert information was properly denied because at that time no expert had been brought in. Only if the courts are diligent in policing the scope of the exemption will the salutory enhancement of trial expert disclosure become a reality in New York.”
It is conceivable that a showing of intentional noncompliance (i.e., the eve-of-trial designation of a trial expert who was earlier retained as a consultant to assist in preparing the case) could result in the court’s exclusion of such testimony. Other less egregious situations could be met with a monetary sanction or other penalty or ruling.
As in almost any case involving medical or technical issues, all parties have a legitimate interest in securing an adversary’s ejyaert witness information before trial. Such information may help in preparing an effective cross-examination or in making arrangements for rebuttal testimony. Although sympathetic to the plaintiff’s concern about an eve-of-trial disclosure by defendant Odabashian, the court cannot compel a response where the statute provides no specific time for compliance. When and if compliance is attempted, the plaintiff will be able to object to such testimony. The plaintiff’s motion with respect to defendant Odabashian is denied, without costs.
With respect to the response of the defendant Albany Medical Center, the court finds that it is inadequate and does not fulfill the minimal purpose for which CPLR 3101 (d) (1) was intended. The information provided is so general and nonspecific that the plaintiff has not been enlightened to any appreciable degree about the content of this expert’s anticipated testimony. Although the court cannot delineate the exact contents of a satisfactory disclosure, the court will state that any reply must represent a good-faith effort to comply with the statutory mandates. The plaintiff’s motion with *335 respect to defendant Albany Medical Center is granted, without costs, unless the defendant serves a second amended reply within 30 days of the service of a copy of the order to be entered herein with notice of entry.
The plaintiff also seeks an order of preclusion against the defendant Odabashian based upon his failure to properly provide particulars of his affirmative defense that the decedent was contributorily negligent. The motion is granted, without costs, and the defendant is precluded from offering any evidence as to the decedent’s contributory negligence unless the defendant serves an amended bill of particulars within 30 days of the service of a copy of the order to be entered herein with notice of entry. At this stage of the litigation, the defendant’s response that he lacks sufficient information to formulate a response is patently inadequate. Since all discovery is complete, the defendant should be in a position to particularize his claims of negligence so that the plaintiff may prepare herself for trial.
One other issue deserves comment. During the pendency of this motion, the plaintiff requested the scheduling of a medical malpractice panel. In response thereto, the defendant Odabashian’s attorney discounted the need for a panel on the ground that the action sounded in negligence not medical malpractice. Likewise, the plaintiff’s attorney has consented to waive the panel. Judiciary Law § 148-a (3) (c) allows the parties, upon consent, to waive the panel. If such a waiver is agreeable to Albany Medical Center and Brown and Odabashian, P. C., the court should be notified and upon a signed stipulation, a note of issue can be filed.