*423 OPINION OF THE COURT
Joseph Harris, J.
Defendant Nunez moves to preclude plaintiff from offering expert proof at trial, based upon the plaintiff’s alleged failure to comply with defendant’s demand for expert’s identity. Plaintiff cross-moves against both defendants for the identical relief.
The instant case presents important issues regarding the proper content of expert demands under recently amended CPLR 3101 (d), which amendment was part of the comprehensive medical malpractice bill of 1985 (L 1985, ch 294), the adequacy of responses thereto, and the practice of "eve of trial” retention of experts.
The instant malpractice action was commenced by service of a summons on January 13, 1986. Issue was joined on March 12, 1986, on which date defendant, Nunez, served plaintiff with a demand for expert’s identity. Those portions of defendant’s demand which are objected to by the plaintiff are as follows:
"5. Dates of all reports rendered by each expert.
"6. The qualifications of each expert witness, including:
"(a) Colleges and universities attended and degrees earned, if any, including dates of attendance;
"(b) All internships, residencies and fellowships including location and dates;
"(c) All dates in which the expert has been licensed including present licensure;
"(d) Any professional certifications, including dates thereof; "(e) All current professional society memberships;
"(f) All past professional society memberships and reasons for termination;
"(g) All past hospital staff appointments and reasons for termination;
"(h) All current hospital staff appointments;
"(i) Whether each expert has published, in the speciality at issue.”
On March 6, 1989, the parties appeared at a preliminary conference before the Honorable Aaron E. Klein, Judicial Hearing Officer, and plaintiff agreed to provide both defendants with a response to their respective expert demands. This stipulation was confirmed by order of Judge Klein dated *424 March 8, 1989 and the order of this court dated April 4, 1989. On March 20, 1989, plaintiff provided defendants with a response to their expert demands. Plaintiff also served defendants with a demand for expert’s identity which parroted the demand previously served by defendant Nunez. Defendant, Vassar Brothers Hospital, responded to plaintiff’s demand, stating that “with respect to your Demand for Expert Information, please be advised that Vassar Brothers Hospital has not yet determined the experts who will be called to testify at trial.” To date, defendant Nunez has not provided plaintiff with any response to her demand for experts.
Defendant, Nunez, objects to the plaintiff’s response to his demand for expert information, contending that it is vague, conclusory and overly broad, and that plaintiff failed to provide responses to demand paragraphs 5 and 6.
Plaintiff objects to paragraph 5 of the demand, taking the position that inasmuch as expert reports fall outside the scope of the information required to be disclosed by CPLR 3101 (d), disclosure of the dates of such reports would serve no legitimate purpose. Her objection is well taken, and accordingly, demand number 5 is stricken. (Pizzi v Muccia, 127 AD2d 338, 341; see also, Renucci v Mercy Hosp., 124 AD2d 796.)
Plaintiff further objects to paragraph 6 of the demand, contending that the specific information requested is so detailed as improperly to lead to the revelation of the expert’s identity. Plaintiff additionally contends that defendant, Vassar Brothers Hospital, should be compelled to select an expert and comply with plaintiff’s demand within a specified period of time and should not be allowed to delay compliance with CPLR 3101 (d) until the eve of trial.
Newly amended CPLR 3101 (d) (1) (i) reads in pertinent part as follows: “Upon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert’s opinion * * *. In an action for medical, dental or podiatric malpractice, a party, in responding to a request, may omit the names of medical, dental or podiatric experts but shall be required to disclose all other information concerning such experts otherwise required by this paragraph.”
*425 One of the purposes of the 1985 amendment to CPLR 3101 (d) was to expedite the resolution of personal injury claims, in order to reduce litigation costs, by encouraging full disclosure of expert opinion testimony (mem of Exec Dept, 1985 McKinney’s Session Laws of NY, at 3025). The Executive Department’s memorandum emphasizes that, "Although virtually all other information is now shared by litigants in civil practice, information concerning expert witnesses and their opinions remain shielded from disclosure. Since the testimony of expert witnesses is often the single most important element of proof in medical malpractice and other personal injury actions, sharing information concerning these opinions encourages prompt settlement by providing both parties an accurate measure of the strength of their adversaries’ case. In addition, both parties will be discouraged from asserting insupportable claims or defenses, knowing that they will be required to disclose what, if any, expert evidence will support their allegations.” (1985 McKinney’s Session Laws of NY, at 3025.)
The exception, in medical malpractice cases, which precludes the disclosure of the identity of the name of a party’s expert, reflected the Legislature’s awareness that there had been efforts by some physicians, directly or indirectly, to discourage their fellow practitioners from giving expert testimony against them. (McGoldrick v Young Health Center, 135 Misc 2d 200; Siegel, 1985 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:29, 1990 Supp Pamph, at 16.)
With respect to defendant Nunez’s request for information concerning the qualifications of plaintiff’s experts, set forth in paragraph 6 of his demand, the Appellate Division, Third Department, has made it clear that a party seeking disclosure of an expert’s qualifications is entitled to information which bears upon the expert’s "skill, training, education, knowledge or experience”. (Pizzi v Muccia, 127 AD2d 338, 340, supra.) While CPLR 3101 (d) (1) (i) exempts from disclosure the name of a prospective medical expert, its underlying purpose is not to preclude any possibility of identifying an adversary’s medical expert (Catino v Kirschbaum, 129 AD2d 758), and a party objecting to disclosure of specific information relating to an expert’s qualifications bears the burden of demonstrating that the information sought would effectively reveal the expert’s identify. (Pizzi v Muccia, supra, at 340.)
In making this determination it is highly relevant to bal *426 anee the considerations opposed to revelation of the name of the expert, as stated above — to prevent intimidation of the expert witness by the opposing party — against the salutary effect of variable quanta of evidentiary disclosure upon the resolution of the dispute.
Here, plaintiff has failed to substantiate her entitlement to vacatur of paragraph 6 of defendant Nunez’s expert witness demand. While each of the requested particulars therein necessarily have a tendency to narrow down the identity of the expert, the probative value of the information sought on the credibility of the expert witness meaningfully outweighs the considerations gravitating toward nondisclosure. Even the request for dates of the relevant events constituting the expert’s curriculum vitae is significant in assessing the currency of the witness’ expertise.
Of course, the more detailed the information given in the effort to maximize the salubrious purposes of CPLR 3101 (d), the easier it is for even the most inept of sleuths to identify the opposing party’s expert. And, of course, unscrupulous persons might take advantage of this by-product knowledge and attempt to contact the expert for the purpose of dissuading him from testifying. However, the power of this court is not so fragile as to be unable to prevent such unfortunate circumstance, even to the dismissal of the offending party’s probative pleading and the entry of judgment against such party.
Thus, in denying the motion of plaintiff to vacate paragraph 6 of defendant Nunez’s expert witness disclosure demand, and this similarly applies to the identical demand contained in plaintiff’s expert witness demand of the defendants, the court issues the caveat that if any information required by the court to be furnished by any party leads any of the other parties to identify the name of the expert retained by an opposing party, such expert shall not be contacted with a view to intimidating him or discouraging him from testifying.
Turning next to plaintiff’s responses to defendant Nunez’s demand for expert information, the court finds them ambiguous, overly broad and insufficient. In fact, plaintiffs responses reflect a contumacious disregard for both the letter and spirit of the statute (CPLR 3101 [d]). While CPLR 3101 (d) (1) (i) specifically requires plaintiff to set forth in "reasonable detail the subject matter on which each expert is expected to testify” and "the substance of the facts and opinions on which each *427 expert is expected to testify”, plaintiff merely reiterates those conclusory assertions of defendant’s negligence, alleged in her complaint. Additionally, plaintiff implies that she may have multiple experts at trial but fails to delineate those portions of her response which are applicable to each individual expert. In these respects, plaintiff’s response is blatantly improper.
Plaintiff’s expert response is so vague, ambiguous and conclusory as to constitute no response at all. Accordingly, plaintiff is directed to provide defendant, Nunez, with a proper response to his expert demand, in accord with the mandates of CPLR 3101 (d) and the directions of this court, within 90 days from the date of this decision, or plaintiff will be precluded from offering expert testimony at the trial of this action.
Moving forward, we turn now to the altogether too familiar reply of a party, when served with an expert witness disclosure demand, that they have not yet retained an expert. Plaintiff’s cross motion raises an issue of significant importance regarding the authority of the court to order a party in a medical malpractice case affirmatively to respond to a CPLR 3101 (d) demand for expert information within a specified time period, or be precluded at trial from offering expert testimony.
While CPLR 3101 (d) (1) (i) is silent as to the time frame within which a party must retain an expert witness and substantively respond to an expert disclosure demand, it does state as follows: "where a party for good cause shown retains an expert an insufficient period time before the commencement of trial to give appropriate notice thereof, the party shall not thereupon be precluded from introducing the expert’s testimony at trial solely on grounds of noncompliance with this paragraph.” In that instance, upon motion of any party, made before or at trial, or on its own initiative, the court may make whatever order may be just.
The phrase, "for good cause shown”, is a potent weapon in the constant search for improvement of the administration of justice. That, together with other clear statutory authority, permits an Individual Assignment System (IAS) Judge, in a medical malpractice action, to require timely retention of experts by the parties, if they are so minded, and prompt disclosure of same.
In this regard, CPLR 3406, which was enacted as part of the comprehensive medical malpractice bill (L 1985, ch 294, § 5), specifically requires that, subsequent to the filing of a notice of medical malpractice action, the trial court conduct a precalen *428 dar conference for the purpose of, inter alla, "establishing a timetable for disclosure”. (CPLR 3406 [b].) The statute further requires that the disclosure timetable must provide for completion of disclosure not later than 12 months after the filing of the notice of medical malpractice action and that the case be ready for trial not later than 18 months after such notice is filed. The rules promulgated by the Chief Administrator of the Courts, in accord with the directive of CPLR 3406, provide, in pertinent part, that at the preliminary medical malpractice conference, the assigned Judge
"shall take whatever action is warranted to expedite the final disposition of the case, including but not limited to:
"(i) directing any party to utilize or comply forthwith with any pretrial disclosure procedure authorized by the Civil Practice Law and Rules” (22 NYCRR 202.56 [b] [1]).
In that there is no exception in either CPLR 3101 or 3406, with respect to a demand for expert information, it is clear that the IAS Judge has the authority to expedite both the selection of expert witnesses in a medical malpractice case and the prompt response to demands for information relative to same.
In this regard, it can be assumed that the Legislature was knowledgeable as to the subject matter of the instant medical malpractice reform legislation, and knew how to draft a bill to effectuate their legislative objectives. (Matter of Theurer [Trustees of Columbia Univ. — Ross], 59 AD2d 196.) Moreover, had the Legislature intended to exempt CPLR 3101 (d) (1) (i) expert demands from those disclosure devices for which the IAS Judge in a medical malpractice action can establish a timetable, it could easily have done so. (Matter of Coughlin v Regan, 85 AD2d 762.) Having failed to do so, it is apparent that the IAS Judge, in a medical malpractice action, has the power to require the parties’ timely retention of expert witnesses and prompt compliance with expert demands. This view is further supported by those cases interpreting rule 26 of the Federal Rules of Civil Procedure, which rule is similar to CPLR 3101 (d). In dealing with situations where a party has delayed disclosure of his expert, Federal courts have directed the parties to decide on their experts within a specific time frame. (See, Salander v Central Gen. Hosp., 130 Misc 2d 311, 316, citing Martin v Easton Publ. Co., 85 FRD 312 [ED Pa 1980].)
*429 The power of the court in this case to direct defendants to select and retain an expert, and provide a response to demands for expert information, within a specified period of time, is consistent with the stated legislative purpose underlying the 1985 enactment of the comprehensive medical malpractice bill. The Legislature specifically recognized the reality, in medical malpractice cases, that "the testimony of expert witnesses is often the single most important element of proof’ (1985 McKinney’s Session Laws of NY, at 3025). The Legislature further recognizes that the prompt disclosure of the parties’ expert opinions would promote the expeditious resolution of medical malpractice actions by discouraging the assertion of insupportable claims and defenses. In enacting CPLR 3101 (d), the Legislature specifically contemplated that all parties involved in the litigation would be required to comply with the early disclosure provisions included in the over-all medical malpractice reform bill (see, CPLR 3406).
The instant case was commenced over ZVz years ago. A notice of medical malpractice action was filed by the plaintiff in April of 1986, over three years ago. The instant round of motions was prompted, in part, by the plaintiff’s filing of a certificate of readiness in April 1989. Although ZVz years have elapsed since commencement of this action, defendant, Vassar Brothers Hospital, has not retained an expert, although in all likelihood it will be expedient for it to do so. The attorneys for defendant Nunez have responded to plaintiff’s demand by stating, "Dr. Nunez has not yet determined the identity of the person(s) who will be called to testify at trial.” This type of dilatory conduct certainly does nothing to effectuate the Legislature’s intent to promote the expeditious resolution of medical malpractice claims. This court will not countenance a return to the discredited tactics of trial by ambush.
Accordingly, that portion of plaintiff’s cross motion, requesting the court set a time frame within which defendants must retain an expert for trial and provide substantive responses to plaintiff’s expert disclosure demands pursuant to CPLR 3101 (d), is hereby granted. Defendants are directed to select an expert witness, if they intend to retain an expert, and provide plaintiff with a response to her demands for expert’s identity within 90 days from the date of this decision. In the event defendants fail to retain an expert and/or respond to plaintiff’s expert demand within 90 days from the date of this *430 decision, that respective defendant shall be precluded from offering expert testimony at trial.
All other and further relief requested by the parties herein which has not been specifically granted by the court is hereby denied.