JAINARINE JASOPERSAUD, Respondent, v TAO GYOUN RHO et al., Appellants, et al., Defendants.

Second Department, July 22, 1991

## APPEARANCES OF COUNSEL

*Kopff, Nardelli & Dopf (Martin B. Adams* and *Charles K. Faillace* of counsel), for appellants.

*Fuchsberg & Fuchsberg (Martin Diennor* and *Abraham Fuchsberg* of counsel), for respondent.

## OPINION OF THE COURT

KOOPER, J.

In this medical malpractice action, the appellants served identical demands for expert witness information pursuant to CPLR 3101 (d) (1) (i), which requested disclosure of the following items:

"1. The name of each person whom you expect to call as an expert witness at trial.

"2. Disclose in reasonable detail the qualifications of each expert witness. In a medical malpractice case include the following:

"a. Where did the expert attend medical school and when did he/she graduate?

"b. Did the expert attend internship, residency and/or fellowship programs? If so, where and when?

"c. Does the expert specialize in any areas of medicine?

"d. Is the expert Board Certified in any areas of medicine?

"e. Is the expert licensed to practice medicine in the United States? If so, where and when was he/she licensed?

"f. What are the expert's hospital affiliations, if any?

"3. Disclose in reasonable detail the subject matter on which each expert is expected to testify.

"4. Disclose in reasonable detail the substance of the facts and opinions on which each expert is expected to testify.

"5. Disclose in reasonable detail a summary of the grounds for each expert's opinion. In a medical malpractice case include:

"a. A description of every medical and/or hospital record relied upon.

"b. A list of all textbooks, treatises and/or articles relied upon".

The plaintiff thereafter moved for a protective order, arguing, *inter alia,* that the items relating to the expert's qualifications were designed to elicit information in such detail that compliance with the requests would be tantamount to revealing the expert's identity. The appellants cross-moved for an order compelling compliance with their demands. Significantly, CPLR 3101 (d) (1) (i) permits discovery, *inter alia,* of an

expert's "qualifications", while at the same time authorizing a party to shield an expert's identity from disclosure in an action for medical, dental, or podiatric malpractice.

By order dated December 14, 1989, the Supreme Court granted the plaintiff's motion, without opinion, vacating the appellants' discovery requests in their entirety, "without prejudice to the service of properly framed demands". The court similarly denied the appellants' cross motion to compel disclosure. The appellants now appeal, arguing that the Supreme Court erred in denying their cross motion to compel disclosure of the "expert witness" information requested. The order should be modified.

CPLR 3101 (d) (1) (i) was enacted as part of a legislative package aimed at reform in medical malpractice litigation (L 1985, ch 294, § 4) and reflected the Legislature's view that expanded disclosure with respect to expert witnesses would, among other things, discourage parties "from asserting unsupportable claims or defenses" and promote "settlement by providing both parties an accurate measure of the strength of their adversaries' case" (mem of State Executive Dept in support of L 1985, ch 294, 1985 McKinney's Session Laws of NY, at 3019, 3025; *see, Saar v Brown & Odabashian,* 139 Misc 2d 328, 332; *McGoldrick v Young Health Center,* 135 Misc 2d 200, 201-204; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.52a; Siegel, NY Prac § 348A [2d ed 1991]; Siegel, 1985 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:29 [1991 Supp Pamphlet], at 13-14). The amendment effected a significant and material change with respect to the disclosure of information pertaining to expert witnesses; indeed, "[p]rior to 1985, CPLR 3101 (d) specifically provided that the opinion of an expert, prepared for litigation, was not subject to disclosure" *(Pizzi v Muccia,* 127 AD2d 338, 339; *see also, Rosario v General Motors Corp.,* 148 AD2d 108, 111-112; *Timmons v Hecker,* 110 AD2d 762; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.52a). As amended, CPLR 3101 (d) (1) (i) now requires a party to "disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion" (Siegel, NY Prac § 348A, at 503 [2d ed 1990]; *Pizzi v Muccia, supra).* The statute further provides that in an action for medical, dental or podiatric malpractice, a party may "omit" the identity of medical, dental or podiatric expert

witnesses.* This exception was addressed to "the perceived problem of the exertion of direct or indirect pressure by some physicians to discourage their colleagues from giving expert testimony against them" *(Rubenstein v Columbia Presbyt. Med. Center,* 139 Misc 2d 349, 352; *see,* Siegel, NY Prac § 348A, at 504 [2d ed 1991]; *accord, Pizzi v Muccia, supra,* at 340-341; Siegel, 1988 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:41A [1991 Supp Pamph], at 7-8; *McGoldrick v Young Health Center, supra,* at 200-204).

Although CPLR 3101 (d) (1) (i) neither defines the term "qualifications" nor places limitations upon a demand therefor, the term has been analogized to the evidentiary standards generally applicable to the admission of expert testimony at trial *(see, Pizzi v Muccia, supra,* at 340-341; *see also, Hamilton v Wein,* 132 Misc 2d 1023, 1026). It is well settled in this respect that an expert "should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable" *(Matott v Ward,* 48 NY2d 455, 459; *Molinari v Conforti & Eisele,* 54 AD2d 1113; McCormick, Evidence § 13 [2d ed]; Richardson, Evidence §§ 366-388 [Prince 10th ed]; *Hamilton v Wein, supra,* at 1026). It is reasonable to conclude then, that inquiries bearing upon the skill, training, education, knowledge and experience of an expert fall within the intended scope of the statutory term *(see, Hamilton v Wein, supra,* at 1026; *see also, Pizzi v Muccia, supra,* at 340-341). There can be little question, moreover, that a liberal construction of the term "qualifications" comports with the

---

* CPLR 3101 (d) (1) (i) states in full: "1. Experts. (i) Upon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion. However, where a party for good cause shown retains an expert an insufficient period of time before the commencement of trial to give appropriate notice thereof, the party shall not thereupon be precluded from introducing the expert's testimony at the trial solely on grounds of noncompliance with this paragraph. In that instance, upon motion of any party, made before or at trial, or on its own initiative, the court may make whatever order may be just. In an action for medical, dental or podiatric malpractice, a party, in responding to a request, may omit the names of medical, dental or podiatric experts but shall be required to disclose all other information concerning such experts otherwise required by this paragraph".

framers' intent to remediate the perceived crisis in medical malpractice litigation by broadening the scope of discovery concerning expert witnesses.

On the other hand, the Legislature could not have intended to undermine a party's statutory right to omit an expert's identity by authorizing excessively detailed demands for an expert's qualifications *(see, Jones v Putnam Hosp. Center,* 133 AD2d 447). Accordingly, in order to harmonize and effectuate the objectives sought to be achieved by the competing provisions of the statute, the desirability of broad disclosure must be balanced against the concern that the information requested will "effectively lead to the disclosure of the expert's identity" *(Jones v Putnam Hosp. Center, supra,* at 447; *Renucci v Mercy Hosp.,* 124 AD2d 796). While each case will necessarily vary upon the particular circumstances involved and the nature of the demands made, a Trial Judge assessing the propriety of a request for expert witness information must weigh the relevant policy interests involved, i.e., the Legislature's intent to materially expand discovery relating to experts and the competing concern reflected by the statutory provision authorizing a party to refrain from disclosing an expert's identity.

Applying the foregoing considerations to the challenged demands at bar, we find that the items which request the medical school attended by the plaintiff's expert, the expert's board certifications, areas of special expertise, jurisdictions of licensure and the locations of internships, residencies and/or fellowships, are proper inquiries bearing upon the "qualifications" of the expert *(see, Pizzi v Muccia,* 127 AD2d 338, *supra; Hamilton v Wein,* 132 Misc 2d 1023, 1026, *supra; cf., Matott v Ward,* 48 NY2d 455, *supra).* The dates associated with the attainment of the foregoing qualifications need not be provided, however, since we are of the view that under the circumstances, the disclosure of such information would tend to reveal the identity of the plaintiff's expert *(cf., Hamilton v Wein, supra,* at 1026). Improper for the same reason within the present context, is the appellants' demand for the expert's present hospital affiliations, since this information, taken together with the other materials to be provided, could effectively lead to disclosure of the expert's identity. Additionally, responses to Items 1, 5a, and 5b need not be supplied since these items request, respectively, the name of the plaintiff's expert and overbroadly demand a description of "every" medical and/or hospital record, textbook, and "all" treatises and/

or articles relied on by the expert. We note in this respect that the statute requires only disclosure in "reasonable detail", *inter alia,* of the "substance of the facts and opinions on which each expert is expected to testify * * * and a summary of the grounds for each expert's opinion" (CPLR 3101 [d] [1] [i]; *see, Renucci v Mercy Hosp., supra).* However, the remaining portion of Item 5, the first portion of Item 2, and Items 3 and 4, are proper demands, since these items permissibly seek: (1) the substance and facts of the experts' opinions, (2) a summary of the grounds for each experts' opinion, and (3) the subject matter on which each expert is expected to testify.

Finally, to the extent that *Catino v Kirschbaum* (129 AD2d 758), can be construed as inconsistent with our present holding concerning the disclosure of expert witness information, we hereby overrule it.

MANGANO, P. J., HARWOOD and BALLETTA, JJ., concur.

Ordered that the order is modified, (1) by deleting the provision thereof which granted the plaintiff's motion for a protective order in its entirety, and substituting therefor a provision granting the motion only to the extent that Items 1, 2f, 5a, 5b and any dates pertaining to the attainment of each expert's qualifications are omitted from disclosure, and (2) by deleting the provision thereof which denied the defendants' cross motion in its entirety and substituting therefor a provision granting the cross motion only to the extent of directing the plaintiff to disclose the information requested pursuant to Items 2a through 2e, 3, 4, and so much of Item 5 as requests disclosure "in reasonable detail [of] a summary of the grounds for each expert's opinion"; as so modified, the order is affirmed, without costs or disbursements.