■ ERNEST BUSSE et al., Respondents, v CLARK EQUIPMENT COMPANY, Defendant and Third-Party Plaintiff, et al., Defendant. JAPAN AIR LINES COMPANY, LTD., Third-Party Defendant-Appellant.—Order, Supreme Court, New York County (Carol Huff, J.), entered December 2, 1991, which denied the motion of the third-party defendant Japan Air Lines Company, Ltd., to preclude plaintiffs from introducing expert testimony or other expert proof at trial, unanimously reversed, on the law and on the facts and in the exercise of discretion, without costs or disbursements, and the motion granted, unless, within 45 days of service upon plaintiffs of a copy of this order with notice of entry, (1) plaintiffs serve proper responses to the third-party defendant's CPLR 3101 (d) (1) (i) request and (2) plaintiffs' counsel pay to the third-party defendant Japan Air Lines $500 costs.

The third-party defendant Japan Air moved to preclude due to plaintiffs' admittedly "non-comprehensive" responses to Japan Air's request for information regarding the anticipated testimony of plaintiffs' experts pursuant to CPLR 3101 (d) (1) (i). The statute, in part, provides, "[u]pon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion". Plaintiffs' numerous responses to Japan Air's request in this case fail to set forth the substance of the facts or opinions to be testified to by the named experts, and no qualifications have been supplied with respect to the purported engineering expert. The purpose of CPLR 3101 (L 1985, ch 294, § 4) is to expedite the resolution of personal injury claims and to reduce litigation costs by encouraging full disclosure of expert opinion testimony *(see,* Mem of State Exec Dept, 1985 McKinney's Session Laws of NY, at 3025; *see also, Jasopersaud v Tao Gyoun Rho*, 169 AD2d 184, 186; *Carroll v*

*Nunez,* 146 Misc 2d 422, 425). The information supplied by plaintiffs falls short of fulfilling the intent of the statute. Nevertheless, Japan Air has failed to demonstrate any prejudice warranting the extreme remedy of preclusion. In such circumstances, plaintiffs should be afforded a final opportunity to comply with the third-party defendant's request. In light of the flagrantly specious responses tendered thus far, we impose a monetary condition to the exercise of that last chance. Concur—Murphy, P. J., Sullivan, Rosenberger and Rubin, JJ.