OPINION OF THE COURT
Alan D. Oshrin, J.
*266 It is ordered that the plaintiffs’ CPLR 3124 motion to compel Eugene Natale to serve and file a new expert witness disclosure pursuant to CPLR 3101 (d) (1) is granted; and it is further ordered that within 30 days of the date of this order, the defendant, Eugene V. Natale, shall provide the plaintiffs with a new expert witness disclosure statement in full compliance with CPLR 3101 (d) (1) (i) providing the identity of the defendants’ expert and annexing an unredacted copy of the curriculum vitae.
This is a legal malpractice action predicated upon the alleged failure to prosecute a claim of medical malpractice. On the within motion the plaintiffs seek an order compelling the defendant, Eugene V. Natale, to serve a new expert witness disclosure statement in full compliance with CPLR 3101 (d) (1) (i) providing the identity of the defendants’ expert and annexing an unredacted copy of the curriculum vitae arguing that because this is a legal malpractice action, full disclosure must be made under CPLR 3101 (d) (1) (i). The defendant, Eugene V. Natale, opposes the application arguing that there will be in effect a trial within a trial, whereby the plaintiffs will have to establish that they would have prevailed on the medical malpractice claim in order to prevail on the legal malpractice claim, and therefore that the defendant is entitled to the benefit of the exception for disclosure of the names of medical experts in medical malpractice actions as contained in CPLR 3101 (d) (1) (i).
Courts which have discussed the statutory exception for medical, dental and podiatric malpractice cases have observed that the exception was addressed to the perceived problem of the exertion of direct or indirect pressure by some physicians to discourage their colleagues from giving expert testimony against them (see, e.g., Wagner v Kingston Hosp., 182 AD2d 616 [1992]; Jasopersaud v Tao Gyoun Rho, 169 AD2d 184 [1991]; Pizzi v Muccia, 127 AD2d 338 [1987]; Rubenstein v Columbia Presbyt. Med. Ctr., 139 Misc 2d 349 [1988]; McGoldrick v Young Health Ctr., 135 Misc 2d 200 [1987]; see also, Siegel, 1985 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:29 [1991 Supp Pamph]). In the case at bar the purpose of the expert medical testimony will be to support or to refute the plaintiffs’ claim that they had a viable medical malpractice action which if prosecuted would have resulted in an outcome favorable to the plaintiffs. If. successful, the plaintiffs will receive a monetary award from their former attorneys and not from the physician or physicians against whom *267 the action could, have been brought. Inasmuch as there is no risk of exposure to financial harm to such physician or physicians, the court finds that the perceived problem of the exertion of pressure to discourage a colleague from giving expert testimony against a defendant doctor which is the basis for the statutory exception is not present here. Accordingly, a granting of the plaintiffs’ motion is warranted.