■ JERRY W. THOMPSON et al., Appellants, v PHILIP A. SWIANTEK, M.D., et al., Respondents, et al., Defendants. [736 NYS2d 819] —Appeal from an order of Supreme Court, Niagara County (Fricano, J.), entered June 11, 2001, which denied plaintiffs' motion for a protective order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is granted.

Memorandum: Supreme Court erred in denying plaintiffs' motion for a protective order pursuant to CPLR 3103 (a) in this medical malpractice action and in ordering plaintiffs to provide a further response to the demand of Philip A. Swiantek, M.D. and Philip A. Swiantek, M.D., P.C. (defendants) for information regarding their medical expert (*see*, CPLR 3101 [d] [1] [i]). Plaintiffs disclosed that their expert is a "board certified urologist" who is "licensed to practice in both New Jersey and Pennsylvania and [is] a professor of urology in * * * Pennsylvania." It is undisputed that disclosure of the additional information sought, i.e., the medical school that the expert attended and the location of that expert's internships, residencies and fellowships, would enable defendants to

ascertain the identity of the expert (*see, Brosnan v Shaffron*, NYLJ, May 3, 2001, at 23, col 6; *Duran v New York City Health & Hosps. Corp.*, 182 Misc 2d 232). Because disclosure of that additional information would "effectively lead to disclosure of the expert's identity," the request for such disclosure is "palpably improper" (*Jones v Putnam Hosp. Ctr.*, 133 AD2d 447, 447; *cf., Jasopersaud v Tao Gyoun Rho*, 169 AD2d 184, 188). Present—Wisner, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.