OPINION OF THE COURT
Vincent R. Balletta, Jr., J.
Motion by the plaintiffs for a protective order; and cross motions by the defendants, Charles Farber and Robert Gross, are determined as follows:
In this medical malpractice action, the plaintiffs have raised objections to items Nos. 3, 4, 6, 7, 8, 9 (a)-(n) and 10 (a)-(e) of the demand for a bill of particulars served by the defendants Farber and Gross.
With respect to item No. 3 of the demand, such a request has been specifically approved by the Appellate Division (Horowitz v Saydjari, 49 AD2d 760 [2d Dept 1975]), and the plaintiffs are directed to respond thereto. If the plaintiffs lack present knowledge of any element thereof, they may so state, and upon discovery, may serve an amended bill of particulars. *312 (McKenzie v St. Elizabeth Hosp., 81 AD2d 1003 [4th Dept 1981].)
Item No. 4 of the demand seeks particulars as to any claim of vicarious liability. The plaintiffs are directed to respond thereto to the best of their present knowledge. Paragraph "Thirty-Second” and "Thirty-Third” of the plaintiffs’ complaint alleges that the defendants and their agents, employees, and representatives, etc., were negligent in treating the plaintiff Doris Salander; accordingly, item No. 4 of the demand is clearly relevant.
Items Nos. 6, 7, 8, 9 (a)-(n) and 10 (a)-(e) of the demand for a bill of particulars, all objected to by the plaintiffs, read as follows:
"6. A statement of the accepted medical practices, customs and medical standards which it is claimed were violated by the defendant charles farber, m.d., in each of the acts or omissions claimed to be the basis of the liability against him.
"7. State the manner in which the defendant charles farber, m.d., departed from the above accepted medical practices, customs and standards.
"8. State what laws of the State of New York were allegedly violated by the defendant charles farber, m.d., as to:
"(a) The performance of a procedure;
"(b) Any other treatment care, observation or management performed by the defendant charles farber, m.d., herein.
"9. If the plaintiff claims that the defendant charles farber, m.d., ignored or improperly interpreted complaints, signs, symptoms or conditions; made an erroneous diagnosis; failed to make a proper diagnosis; improperly treated the plaintiff; administered improper, inappropriate and/or contraindicated drugs; administered proper drugs in incorrect dosage; failed to make proper tests; improperly took or administered tests; failed to perform a proper physical examination, set forth:
"(a) The complaints, signs, symptoms or conditions that the defendant charles farber, m.d., failed to interpret properly;
"(b) The proper interpretation, which plaintiffs claim should have been reached or made;
"(c) In what respect the diagnosis was erroneous and incorrect;
"(d) The claimed proper diagnosis;
"(e) The improper treatment which it is alleged was rendered;
*313 "(f) The treatment which it is claimed by plaintiff should have been rendered;
"(g) The generic and trade name of each and every improper and/or contraindicated drug which was administered or prescribed;
"(h) The name of each proper drug allegedly administered incorrectly or in incorrect dosages;
"(i) The manner in which it is alleged each such drug should have been administered and/or the correct dosage thereof;
"(j) The name and/or description of each and every test defendant failed to take or administer;
"(k) The name of each and every test the defendant improperly took or administered;
"(1) The manner in which it is claimed each such test should have been administered or taken;
"(m) A description of the physical examination performed; "(n) The manner in which it is claimed such physical examination should have been performed.
"10. If it is alleged that the defendant charles farber, m.d., improperly performed a surgical procedure that was contraindicated and/or unnecessary set forth:
"(a) The name of each surgical procedure performed and the date it was performed;
"(b) Set forth the surgical procedure which it is claimed was contraindicated and/or unnecessary;
"(c) Set forth in what manner the aforesaid surgical procedure was contraindicated;
"(d) Set forth in what manner the aforesaid surgical procedure was improperly performed;
"(e) Set forth in what manner the aforesaid surgical procedure should have been performed.”
The plaintiffs contend that the above-numbered demands are improper in that they seek evidentiary matter, i.e., they seek expert opinion testimony, and matter which is peculiarly within the knowledge of the defendants. The plaintiffs also contend that the items call for extensive disclosure of evidence, and therefore are in effect a set of written interrogatories, a disclosure device not available in a negligence case under CPLR 3130. The plaintiffs cite the case of Patterson v Jewish Hosp. & Med. Center (65 AD2d 553 [2d Dept 1978], affg 94 Misc 2d 680).
*314 In Patterson (supra) the Appellate Division affirmed an order striking from a demand for a bill of particulars language virtually identical to that present here. The underlying rationale for that decision was that the items were of an evidentiary nature "seeking expert opinion testimony”. (94 Misc 2d, at p 683; see also, e.g., McKenzie v St. Elizabeth Hosp., supra.)
Normally, the court would be constrained to follow the precedent of the Patterson case (supra) and related cases; however, the defendants, in opposing the plaintiffs’ motion, argue that CPLR 3101 (d), as amended by the recently enacted medical malpractice statute (L 1985, ch 294), requires the disclosure requested.
The newly amended CPLR 3101 (d) (1) (i) reads in part that, "[u]pon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert’s opinion”.
It is clear that this section governs in this case, since the action was commenced by the service of a summons and complaint on July 5, 1985, several days after the effective date of the statute. Accordingly, the court must determine whether the rule set forth in Patterson and related cases has been modified by the statute.
The court is unaware of any decisions construing the new statute under these circumstances, and neither party has drawn any cases to this court’s attention. It may very well be that the instant case is one of first impression.
The new law, signed on July 2, 1985, "which amends the Public Health Law, the CPLR, the Education Law, the Insurance Law and the Judiciary Law is, to say the least, comprehensive in its scope and should affect in a very significant way the substantive and procedural law and rules surrounding the handling of medical malpractice cases”. (Connors, Analysis of New Comprehensive Medical Malpractice Reform Law, NYLJ, Aug. 13, 1985, p 1, col 3.) Included among the changes was a "significant modification allowing the discovery of formerly privileged 'expert witness’ testimony” (ibid.).
The legislative memorandum accompanying the bill indicates that the purpose of the amended CPLR 3101 (d) is to encourage full disclosure of "expert opinion testimony”:
*315 "Disclosure of Expert Witnesses and their Opinions:
"Although virtually all other information is now shared by litigants in civil practice, information concerning expert witnesses and their opinions remains shielded from disclosure. Since the testimony of expert witnesses is often the single most important element of proof in medical malpractice and other personal injury actions, sharing information concerning these opinions encourages prompt settlement by providing both parties an accurate measure of the strength of their adversaries’ case. In addition, both parties will be discouraged from asserting unsupportable claims or defenses, knowing that they will be required to disclose what, if any, expert evidence will support their allegations.” (1985 McKinney’s Session Law News of NY, at A725.)
The statute, as quoted above, merely states that "upon request”, a party must disclose certain information. It does not, however, offer any guidelines as to when the request is to be made, or even what constitutes a proper request.
The statutory purpose is clear. Upon request, there must be full disclosure of expert opinion testimony. The fact that such a request may be in the form of a number of demands propounded in a bill of particulars does not, in the court’s opinion, make the request improper. It appears to the court that the greatest obstacle to disclosure at this stage of the case (the action was commenced only four months ago) is that the plaintiffs may not yet have consulted any expert they expect to call as a witness.
Accordingly, the plaintiffs are directed to respond to items Nos. 6, 7, 8, 9 (a)-(n) and 10 (a)-(e) of the demand for a bill of particulars to the extent that they are able. If they have not yet consulted an expert, they shall so state.
CPLR 3101 (d) (1) (i), as amended, also states in pertinent part that, "where a party for good cause shown retains an expert an insufficient period of time before the commencement of trial to give appropriate notice thereof, the party shall not thereupon be precluded from introducing the expert’s testimony at the trial solely on grounds of noncompliance with this paragraph. In that instance, upon motion of any party, made before or at trial, or on its own initiative, the court may make whatever order may be just” (emphasis added).
Since, as previously noted, the statute does not specify the form of the request, it is the ruling of this court that the request made in the demand for a bill of particulars is in *316 compliance with the notice requirements of CPLR 3101 (d), and that in the event an expert has not yet been retained and that fact has been disclosed in answer to the appropriate questions, the plaintiff will nevertheless comply with the request as soon as possible.
The plaintiff should be forewarned that dilatory tactics in this regard will not be countenanced. The court notes that the amended CPLR 3101 (d) is very similar to the provisions of Federal Rules of Civil Procedure, rule 26. In dealing with similar situations, where a party has delayed in disclosing his expert, the Federal courts have employed a number of remedies. In one case, the plaintiff was directed to decide on its experts (Martin v Easton Pub. Co., 85 FRD 312 [US Dist Ct, ED Pa 1980]); and, in another, the party was warned that it would be precluded if it did not give sufficient notice as to its experts so as to allow the other side time to prepare an effective cross-examination. (Wallace v Shade Tobacco Growers Agric. Assn., 21 FR Serv 2d 1130 [US Dist Ct D Mass 1975].) Finally, in a third case, the court warned a defendant that it would stay deposition of the plaintiffs experts until such time as the defendant disclosed its experts. (Rupp v Vock & Weiderhold, 52 FRD 111 [US Dist Ct ND Ohio 1971].)
It is clear that in order to effectuate the purposes of the medical malpractice reform law, equally ingenious methods may be required to compel the disclosure of experts and expert testimony sufficiently in advance of the date of trial so as to prevent surprise and undue prejudice to the other side.
Those branches of plaintiffs’ motion which seek to strike the third and fourth affirmative defenses of the answers interposed by the defendants are denied as moot since counsel for the defendants has consented to withdraw those defenses.
The defendants’ cross motions to preclude are denied. In the alternative, the plaintiffs are directed to serve a bill of particulars to the extent indicated, and to comply with the various notices of discovery and inspection, all dated August 26, 1985, within 30 days of the date hereof.