OPINION OF THE COURT
Henry G. Gossel, J.
In a medical malpractice action the defendants move pursu *972 ant to CPLR 3101 (d) for an order compelling plaintiff to retain an expert immediately and comply with defendants’ demands for discovery of her expert witness or be precluded from offering expert testimony at trial; and they move pursuant to CPLR 3406 for an order dismissing the complaint unless a notice of medical malpractice action is filed and a copy served upon defendants within 20 days.
The physician defendant submits in his affidavit that he denies the alleged medical malpractice with respect to the care and treatment he rendered the decedent plaintiff on November 27, 1983 and cannot understand the allegations of malpractice alleged against him and cannot assist his attorneys in preparing his defense unless a more definite statement of plaintiff’s allegations is provided through an expert retained by the plaintiff. Otherwise the said defendant claims he may be surprised at trial by whatever allegations are made by an expert witness for the plaintiff.
From the affidavit of the doctor defendant’s attorney, it is clear that the attorney understood what the various allegations of negligence as amplified by the bill of particulars were, but maintains that, as a matter of proof, the plaintiff, in order to establish a deviation by defendant physician from the applicable standard of medical care as alleged, will require expert testimony and further that without the expert’s position it is very difficult to prepare to defend against the overbroad allegations, particularly when the physician defendant denies the malpractice allegations and needs the expert’s information before the depositions of the parties are taken.
Responding thereto the plaintiffs stating their response to the defendants’ notices under CPLR 3101 (d) that they "have not, to date, retained, contacted or otherwise communicated with any person expected to be called as an expert witness at a trial of this action.”
The defendant Chouchani indicates that the action was commenced on or about July 1, 1985 and therefore lacking any submission to the contra, it is presumed that CPLR 3101 (d) applies.
Applicable portion of CPLR 3101 (d) reads: "(d) Trial preparation. 1. Experts, (i) Upon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which expert is ex *973 pected to testify, the qualifications of each expert witness and a summary of the grounds for each expert’s opinion. However, where a party for good cause shown retains an expert an insufficient period of time before the commencement of trial to give appropriate notice thereof, the party shall not thereupon be precluded from introducing the expert’s testimony at the trial solely on grounds of noncompliance with this paragraph. In that instance, upon motion of any party, made before or at trial, or on its own initiative, the court may make whatever order may be just. In an action for medical or dental malpractice, a party, in responding to a request, may omit the names of medical or dental experts but shall be required to disclose all other information concerning such experts otherwise required by this paragraph.”
Clearly, it is not necessary at any time to disclose in a medical malpractice action the identity of the party’s expert and obviously, if a party does not have an expert as yet, he cannot disclose the material required by said section. The question presented is whether or not the court can order a party to retain an expert at any given time, let alone as the movants desire, "immediately”.
The second sentence of the section in question makes provision for a situation where a party for good cause shown retains an expert an insufficient time before the commencement of trial to give appropriate notice thereof, and provides that, even then, that party shall not be precluded from the use of the expert solely on the basis of noncompliance with the disclosure provided. In that event, the next sentence provides a sanction or remedy for such noncompliance.
In the action before the court, there is no evidence that there is an insufficient time before the commencement of trial for the prescribed disclosure and, therefore, lacking any other direction by the Legislature to force any party to retain their expert by a given time or event in the development of an action proceeding to trial, and clearly no direction that the expert disclosure required be made before depositions, the court will not sanction action which the Legislature did not address in its efforts to encourage disclosure in all actions (not merely medical malpractice) which it addressed in Laws of 1985 (ch 294), medical malpractice insurance comprehensive reform.
Concerning the personal statement of the defendant doctor that he cannot understand the allegations against him in the *974 action, that he therefore cannot assist his attorneys in his defense, and that he may be surprised at trial by whatever allegations are made by an expert witness, the court refers to the multitude of civil procedures available to his counsel for enlightenment and further particularization. Part of the procedure for such further particularization is the provision for depositions of the parties to an action to be taken, which in this action have not as yet been taken.
The court agrees with defense counsel that the amendment of CPLR 3101, as stated above, was made to encourage full disclosure of expert opinion testimony but not in a particular sequence or order, and also sanction noncompliance when appropriate, however, no prejudice or surprise has been demonstrated to the court nor has any conduct by the plaintiff or her counsel been shown as attempting to subterfuge the intent and procedure as established by the section in question.
As Professor David D. Siegel discusses in his 1985 Supplementary Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, 1986 Cum Ann Pocket Part, C3101:29, p 6), the cure for a situation wherein the party entitled to have his adversary’s expert identified (not medical malpractice) but not having received the data in time, is entirely in the court’s hands and perhaps may include, should "intentional noncompliance” be demonstrated, excluding the testimony of the expert altogether.
The court agrees with Salander v Central Gen. Hosp. (130 Misc 2d 311, 316) "that in the event an expert has not yet been retained and that fact has been disclosed in answer to the appropriate questions, the plaintiff will nevertheless comply with the request as soon as possible” and considers the requests of the defendants to be of a continuing nature, and to be responded to upon the retaining of an expert by the plaintiff.
Inasmuch as plaintiff’s counsel did not address the question of the required filing pursuant to CPLR 3406, it is so ordered if not already accomplished by the plaintiff.
The motions of the defendants are denied with the requests as served on the plaintiff to be considered continuing requests and to be responded to as required by CPLR 3101 (d) upon retaining of the expert. If not already done, the notice of medical malpractice action will be properly served by the plaintiff.