CAROL MONAHAN, Respondent, v JAMES COMENALE, Appellant. Memorandum: Plaintiff, a passenger in defendant's motor boat, was injured when she fell forward as defendant was navigating through a wake created by a passing tour boat. The trial testimony established that defendant's boat was traveling 10 miles per hour immediately prior to the accident, but the testimony was in conflict regarding whether defendant accelerated or decelerated as he drove his boat through the wake. The jury returned a verdict of no cause for action in favor of defendant and the trial court set aside the verdict as against the weight of the evidence (CPLR 4404 [a]). That was error.

A verdict should not be set aside as against the weight of the evidence unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence *(Kuncio v Fillmore Hosp.,* 117 AD2d 975, 976; *Aiello v Garahan,* 91 AD2d 839, 840 *affd* 58 NY2d 1078). That is not

the case here because if the jury credited defendant's testimony, defendant was not negligent according to plaintiff's own expert. (Appeal from order of Supreme Court, Oneida County, McLaughlin, J.—set aside verdict.) Present—Doerr, J. P., Green, Balio, Lawton and Schnepp, JJ.