■ CAROLYN PICA, Individually and as Administratrix of the Estate of CARL PICA, Deceased, Respondent, v GOOD SAMARITAN HOSPITAL et al., Appellants.—In an action, *inter alia,* to recover damages for wrongful death and conscious pain and suffering resulting from medical malpractice, the defendants Dix Hills Medical Associates, P. C., Bernard Gittleman, Martin D. Podgainy, Jacques M. Schmid, and Meta Bernstein appeal, and the defendant Good Samaritan Hospital separately appeals, from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered August 25, 1989, which, *inter alia,* denied their motion and cross motion, respectively, to dismiss the complaint pursuant to CPLR 3126.

Ordered that the order is affirmed, without costs or disbursements, on condition that the plaintiff's attorney personally pay $2,000 to Martin, Clearwater & Bell, the attorneys for the defendants Dix Hills Medical Associates, P. C., Bernard Gittleman, Martin D. Podgainy, Jacques M. Schmid and Meta Bernstein, and $1,000 to Bower and Gardner, the attorneys for the defendant Good Samaritan Hospital, within 30 days after service upon him of a copy of this order with notice of entry; and it is further,

Ordered that if the condition is not complied with, then the order is reversed, as a matter of discretion, with one bill of costs payable to the defendants appearing separately and filing separate briefs, and the motion and cross motion to dismiss the complaint are granted.

We agree with the Supreme Court that the dismissal of the complaint pursuant to CPLR 3126 was not an appropriate sanction in this case. However, although the plaintiff's attorney did suffer from a debilitating illness for an extended period of time, his undue delay of the discovery process occurred prior to the onset of the illness and warrants the imposition of a financial sanction against him *(see, e.g., River Park Assocs. v Meyerbank Elec. Co.,* 116 AD2d 709; *Mancusi v Middlesex Ins. Co.,* 102 AD2d 846). Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.