■ MURRAY WAREHOUSE, INC., et al., Respondents, v C. LOUIS ABELOVE et al., Appellants.—Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Plaintiff sued defendant for legal malpractice in representing plaintiff in the sale of four parcels of real property and equipment to 135 Hotel Street Realty Corp., a

wholly owned subsidiary of Vogel Van & Storage, Inc. The action was brought by assignees of a second mortgage given by 135 Hotel to plaintiff to recover a deficiency judgment resulting from foreclosure of the mortgaged property. Plaintiff alleged that defendant was negligent in failing to include in the second mortgage what was referred to at trial as "parcel D."

The jury verdict in favor of plaintiff must be set aside as contrary to the weight of the evidence. Defendant presented direct evidence that the parties agreed not to include parcel D in the mortgage because the purchaser desired to sell parcel D to fund improvements to the other three parcels. Defendant also established that the contract of sale required the Vogels to unconditionally and personally guarantee the second mortgage, which they did. Plaintiff presented no direct evidence to the contrary and instead relied solely upon the circumstantial evidence that Ben Movsh, president and a principal stockholder of plaintiff who was deceased at the time of trial, expressed surprise when he discovered that parcel D was sold and was not secured by the second mortgage. Plaintiff failed to establish, however, that Movsh directed defendant to include parcel D in the second mortgage. Accordingly, the jury verdict cannot be supported by any fair interpretation of the evidence *(see, Petrovski v Fornes,* 125 AD2d 972, 973, *lv denied* 69 NY2d 608; *Monahan v Comenale,* 124 AD2d 1031). (Appeal from Judgment of Supreme Court, Oneida County, Ringrose, J.—Legal Malpractice.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.