■ KAREN LILLIS et al., Appellants, v MARCELINO F. D'SOUZA et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: We reject plaintiffs' contention that the trial court should have precluded defendants' expert from testifying at trial because defendants did not respond until the second day of trial to the demand for disclosure of the report of the expert. CPLR 3101 (d) (1) (i) does not require a party to retain an expert at any specific time nor does it mandate that a party be precluded from proffering expert testimony merely because of noncompliance with the statute. The record reveals that the expert was retained only a week prior to trial and there is no evidence of intentional or willful nondisclosure by defendants. The expert testimony offered no surprises, and plaintiffs have not demonstrated any prejudice. Thus, the trial court did not abuse its discretion in allowing the expert to testify for defendants *(see, Saar v Brown & Odabashian,* 139 Misc 2d 328, 333-335; *Dunn v Medina Mem. Hosp.,* 131 Misc 2d 971, 974; *see also,* Siegel, NY Prac § 348A [2d ed]).

In addition, the trial court properly rejected plaintiffs' request to charge the jury on the inferences that may be drawn from the destruction of evidence because, in fact, there was no showing that any evidence had been destroyed *(see generally,* PJI 1:77; Richardson, Evidence § 91 [Prince 10th ed]).

Finally, there is no merit to plaintiffs' contention that the jury's verdict for defendants was against the weight of the evidence. A jury's verdict is not against the weight of the evidence unless utterly irrational and unsupported by a fair interpretation of the evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493; *Monahan v Comenale,* 124 AD2d 1031; *see also, Petrovski v Fornes,* 125 AD2d 972, *lv denied* 69 NY2d 608). This trial was a prototypical battle of the experts, and the jury's acceptance of defendants' case was a rational and fair interpretation of the evidence. (Appeal from Judgment of Supreme Court, Erie County, Fallon, J.—Medical Malpractice.) Present—Dillon, P. J., Denman, Lawton, Lowery and Davis, JJ.