■ VIVIAN MARRA, Appellant, v HENSONVILLE FROZEN FOOD LOCKERS INC., Respondent.—Levine, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered September 17, 1991 in Greene County, upon a verdict rendered in favor of defendant.

Plaintiff was injured in November 1987 when she fell down a set of wooden steps at the entrance to defendant's grocery store in the Town of Windham, Greene County. She brought this action alleging that defendant had failed to maintain the steps in a safe condition. It was her testimony that, as she

exited the store with a purchase in hand, her foot slipped on a step and, as she fell, wedged between a step and a pipe railing, which had been bent over as a result of being previously struck by the bumper of a car. Her contention was that the steps had been worn smooth and slippery even in the dry weather conditions that were present at the time of the accident, and that the steps and the bent railing constituted a dangerous condition. The slippery state of the steps was contradicted by defendant's sole stockholder, who managed the market, and by defendant's expert, who opined that the wooden steps would not be slippery when dry, that the rounding of the edges of the steps from wear was not unsafe and that the bent railing had no bearing on the safety of a person descending the steps. Additionally, defendant produced two witnesses who testified to plaintiff's oral statements after the accident which were inconsistent with her version at trial of how the accident occurred. The issues of both liability and damages were submitted to the jury during the trial, at the conclusion of which a verdict was returned in favor of defendant finding no negligence in the maintenance of the steps and the handrail. This appeal by plaintiff followed.

Plaintiff's first point on appeal is that Supreme Court erred in denying her motion, made after jury selection and opening statements, to preclude the testimony of defendant's expert witness on the ground that defendant failed to comply with CPLR 3101 (d) (1) (i). That provision mandates a party, "[u]pon request", to disclose before trial any expert witness expected to testify and, *inter alia,* the substance of the facts and opinions of the expert's testimony and the expert's qualifications. Plaintiff made a demand for such disclosure in April 1990. Although the expert testified that he was retained in April 1991, his name and the subject of his testimony was not revealed until August 1991, 10 days before the commencement of the trial. Supreme Court accepted defense counsel's affirmation that he was not apprised of the expert's opinion until early August 1991. The court found that defendant did not intentionally withhold disclosure and that plaintiff was not prejudiced by the delay. It therefore denied plaintiff's motion to preclude the expert from testifying. The denial of plaintiff's motion to preclude is not a basis for reversal in the instant case. In general, Supreme Court has broad discretionary powers in administering pretrial disclosure *(see, Soper v Wilkinson Match [USA],* 176 AD2d 1025), and disclosure pursuant to CPLR 3101 (d) (1) (i) is no exception *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR

C3101:29A, at 47). That the section specifically bars preclusion when "good cause" existed for a party's delay in retaining an expert to the point where there is "an insufficient period of time before the commencement of trial to give appropriate notice", does not imply that Supreme Court's discretion is otherwise restricted in determining whether to impose the sanction of preclusion for a failure of timely disclosure regarding expert testimony *(see,* CPLR 3101 [d] [1] [i]). Supreme Court was in a superior position to assess whether the delay, if any, in disclosure regarding defendant's expert was willful. The absence of willfulness and the other factors cited by the court are sufficient to demonstrate that Supreme Court's ruling was not an abuse of discretion *(see, Lillis v D'Souza,* 174 AD2d 976, *lv denied* 78 NY2d 858).

Plaintiff's objections on appeal regarding the adequacy of the disclosure were not raised before Supreme Court and, thus, were not preserved.

We are also unpersuaded that error was committed in allowing defendant to introduce evidence of plaintiff's oral statements concerning the manner in which the accident happened, despite defendant's failure to give pretrial notice thereof. Plaintiff's request for disclosure regarding statements was expressly made pursuant to CPLR 3120, not CPLR 3101 (e), and unambiguously demanded only the production of "documents and things for inspection, testing, photocopying and photographing". Thus, defendant was not called upon through this demand to disclose the existence of oral statements not in documentary form. Likewise, a proper evidentiary foundation was laid to support Supreme Court's charge on the effect of the absence of prior accidents attributable to the alleged dangerous condition *(see, Orlick v Granit Hotel & Country Club,* 30 NY2d 246; *cf., Cassar v Central Hudson Gas & Elec. Corp.,* 134 AD2d 672, 674). Supreme Court's errors, if any, in giving a missing witness charge with respect to plaintiff's failure to call her original treating physician as a witness, and in permitting defendant's examining physician to testify as to a second examination of plaintiff, were harmless in view of the jury's verdict finding against plaintiff on the issue of liability *(see, Burstein v Richmond Mem. Hosp. & Health Ctr.,* 167 AD2d 151, 152; *Mossidus v Hartley,* 106 AD2d 805, 806).

Finally, whether the steps were left in a dangerously slippery condition by defendant and whether the bent handrailing contributed to her injurious fall came down to a resolution of the credibility of plaintiff's testimony against that of defen-

dant's owner and its expert witness. The jury could reasonably have credited defendant's witnesses. Therefore, it cannot be said that the jury's verdict in favor of defendant on the issue of liability was not supported by sufficient evidence or that it should be set aside as against the weight of the evidence (see, Nicastro v Park, 113 AD2d 129, 132-133).

Yesawich Jr., J. P., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.