■ JOEY AVERSA, an Infant, by Her Parent and Natural Guardian, KATHRYN AVERSA, et al., Respondents, v HARVEY TAUBES et al., Appellants-Respondents, et al., Defendant. [598 NYS2d 801] —In consolidated actions to recover damages for medical malpractice, (1) the defendants Harvey Taubes, Myrna M. Saludars, and Booth Memorial Hospital separately appeal (a) from so much of an order of the Supreme Court, Queens County (Rutledge, J.) entered March 12, 1991, as denied those branches of their respective motions which were (i) for a protective order with respect to the plaintiffs' demand for expert witness information, and (ii) to preclude the plaintiffs from offering expert witness testimony at trial against them, and granted those branches of the plaintiffs' cross motion which were to compel them to accept the plaintiffs'

responses to their demands for expert witness information, and to accept the plaintiffs' supplemental verified bill of particulars dated December 21, 1990, and (b) from so much of a second order of the same court, also entered March 12, 1991, as again denied those branches of their respective motions, and (3) the defendant Ruby Malva appeals from so much of the second order as denied her cross motion for summary judgment dismissing the complaint insofar as it is asserted against her.

Ordered that the appeal of the defendant Taubes is dismissed for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [e]); and it is further,

Ordered that the orders entered March 12, 1991, are modified, as a matter of discretion, (1) by adding thereto a provision that the denial of that branch of the motion of the defendants Booth Memorial Hospital and Saludars which was to preclude the plaintiffs from offering expert witness testimony at trial against them and the granting of that branch of the plaintiffs' cross motion which was to compel the defendants Booth Memorial Hospital and Saludars to accept their responses to the defendant Saludars' demand for expert witness information is conditioned upon the payment by the plaintiffs' attorney of the sum of $7,500 to the law firm of Kelly, Rode, Kelly & Burke, which represents the defendants Booth Memorial Hospital and Saludars, and that in the event that the condition is not complied with, then that branch of the motion of the defendants Booth Memorial Hospital and Saludars which was to preclude the plaintiffs from offering expert testimony is granted and that branch of the plaintiffs' cross motion which was to compel the defendants Booth Memorial Hospital and Saludars to accept their responses to the defendant Saludars' demand for expert witness information is denied, and (2) by deleting therefrom those provisions which denied that branch of the motion of the defendants Booth Memorial Hospital and Saludars which was for a protective order with respect to the plaintiffs' demand for expert witness information, and by substituting therefor a provision granting that branch of the motion of the defendants Booth Memorial Hospital and Saludars; and it is further,

Ordered that the first order entered March 12, 1991, is further modified, on the law, by deleting therefrom the provision which granted that branch of the plaintiffs' cross motion which was to compel the defendants Booth Memorial Hospital and Saludars to accept their supplemental verified bill of

particulars, dated December 21, 1990, and by substituting therefor a provision denying that branch of the plaintiffs' cross motion; and it is further,

Ordered that as so modified, the orders entered March 12, 1990, are affirmed insofar as appealed from by the defendants Booth Memorial Hospital and Saludars, and the defendant Malva, with costs to the defendants Booth Memorial Hospital and Saludars, payable by the plaintiffs; and it is further,

Ordered that the plaintiffs' attorneys' time to pay the $7,500 is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

The plaintiffs waited almost four years in responding, on the eve of trial, to the demand of the defendant Myrna M. Saludars, pursuant to CPLR 3101 (d) (1) (i), for expert witness information. CPLR 3101 (d) (1) (i) does not require a party to respond to a demand for expert witness information "at any specific time nor does it mandate that a party be precluded from proffering expert testimony merely because of noncompliance with the statute", unless there is evidence of intentional or willful failure to disclose and a showing of prejudice by the opposing party (*Lillis v D'Souza,* 174 AD2d 976; *Saar v Brown & Odabashian,* 139 Misc 2d 328, 329). Nevertheless, as the Supreme Court, Nassau County, held in *Salander v Central Gen. Hosp.* (130 Misc 2d 311, 316), the plaintiffs' attorney's "dilatory tactics in this regard will not be countenanced". Accordingly, under all the circumstances presented, we conclude that the imposition of a monetary penalty upon the plaintiffs' attorney is the proper remedy for its tardy conduct in this regard *(see, Pica v Good Samaritan Hosp.,* 168 AD2d 612). However, that branch of the motion of the defendants Booth Memorial Hospital (hereinafter Booth) and Saludars which was for a protective order with respect to the plaintiffs' demand for expert witness information should have been granted. The plaintiffs' demand for expert witness information was made about a year after they filed a note of issue, and two months after the case appeared on the trial calendar. Under these circumstances, and in the absence of a showing by the plaintiffs of special or unusual circumstances, the plaintiffs' request for additional discovery should have been denied *(see, Kirk v Blum,* 79 AD2d 700; *Laudico v Sears, Roebuck & Co.,* 125 AD2d 960).

In addition, the Supreme Court erred in compelling the defendants Booth and Saludars to accept the plaintiffs' verified supplemental bill of particulars, dated December 21, 1990.

The plaintiffs' original verified bill of particulars, which was served upon the defendants Booth Memorial Hospital and Saludars, set forth the infant plaintiff's special damages at two million ($2,000,000) dollars for future medical expenses, and two million ($2,000,000) dollars for loss of future earning capacity. The plaintiffs' verified supplemental bill of particulars, dated December 21, 1990, increased the special damages for future medical expenses, "including custodial care, therapies and equipment", to two hundred million ($200,000,000) dollars, and increased the infant plaintiff's loss of future earning capacity to twenty-one million ($21,000,000) dollars.

CPLR 3043 (b) provides, in pertinent part, as follows:

"Rule 3043. Bill of particulars in personal injury actions * * *

"(b) Supplemental bill of particulars without leave. A party may serve a supplemental bill of particulars with respect to claims of continuing special damages and disabilities without leave of court at any time, but not less than thirty days prior to trial. Provided however that no new cause of action may be alleged or new injury claimed and that the other party shall upon seven days notice, be entitled to newly exercise any and all rights of discovery but only with respect to such continuing special damages and disabilities".

In *Pearce v Booth Mem. Hosp.* (152 AD2d 553, 554), this Court held that a plaintiff had no right to serve a supplemental bill of particulars pursuant to CPLR 3043 (b) so as to add a claim for "custodial, supervisory, and housekeeping care", since that was a "wholly new category of special damages", which required court-approved leave to amend. Similarly, in the case at bar, the plaintiffs' proposed added claim for "custodial care, therapies and equipment", cannot be effectuated through a supplemental bill of particulars. Moreover, that part of the supplemental bill of particulars which seeks an increase in the infant plaintiff's loss of future earning capacity is also improper. CPLR 3043 (b) permits supplementing as a matter of right only with respect to claims of "continuing special damages and disabilities". The infant plaintiff is so physically incapacitated that she is unable to take care of her basic needs, as a result of the alleged malpractice of the defendants. Accordingly, the infant's loss of future earning capacity was apparent at the commencement of the instant action, and thus "cannot be considered [a claim] 'of continuing special damages and disabilities' which can be asserted, as of right, pursuant to CPLR 3043 (subd [b]) to update allegations of special damages previously asserted in a

plaintiff's original bill of particulars" *(Kurnitz v Croft,* 91 AD2d 972, 973). Therefore, the Supreme Court improvidently exercised its discretion when it granted that branch of the plaintiffs' cross motion which was to compel the defendants Booth and Saludars to accept their supplemental bill of particulars, dated December 21, 1990.

We have reviewed the appellants' remaining arguments and find them to be without merit. Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.