■ MICHAEL McDERMOTT, Appellant, v ALVEY, INC., Respondent. (And a Third-Party Action.) [603 NYS2d 162] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered on or about June 2, 1993, which granted defendant Alvey, Inc.'s motion to preclude plaintiff's economist from testifying at trial unanimously modified, on the law, the facts and in the exercise of discretion to the extent of denying the motion on condition that plaintiff's attorney pay the sum of $1,500 to defendant-respondent's attorneys within 30 days after service of a copy of this decision and order with notice of entry, and otherwise affirmed, with costs. In the event the aforesaid condition is not complied with, the order appealed from is unanimously affirmed, with costs.

Plaintiff waited three years, until the eve of trial, before responding to defendant Alvey, Inc.'s demand, pursuant to CPLR 3101 (d) (1) (i), for expert witness information by disclosing the identity of its economist expert. According to plaintiff, who had previously disclosed the identities of medical and engineering experts, he had retained the services of the expert economist at least one month before the scheduled trial date, but did not immediately disclose his identity to the opposing party because of an uncertainty concerning the witness's availability to testify at trial. While other similar delays in disclosure have resulted in the preclusion of expert testimony *(Hudson v Manhattan & Bronx Surface Tr. Operating Auth.,* 188 AD2d 355; *Corning v Carlin,* 178 AD2d 576), we find there is no proof of intentional or willful failure to disclose, on plaintiff's part, and an absence of prejudice to the parties opposing the testimony *(see, Lillis v D'Souza,* 174 AD2d 976, *lv denied* 78 NY2d 858). Under these circumstances, we find plaintiff's counsel's payment of a sum of $1,500 for its lack of diligence more appropriate than an order of preclusion *(see, Aversa v Taubes,* 194 AD2d 580). Concur—Murphy, P. J., Wallach, Kupferman and Asch, JJ.