OPINION OF THE COURT
Ralph Yachnin, J.
This motion by plaintiffs, made by notice of motion, dated December 8, 1993, for an order striking the defendants’ answers or, alternatively, precluding defendants from offering expert witnesses’ testimony; and the cross motion of defendants, The Coleman Company, Inc. and J.C. Penney Co., made by notice of cross motion, dated December 16, 1993, for an order denying plaintiffs’ motion and staying this court’s August 16, 1993 order pending said cross movants’ appeal therefrom; are both disposed of as follows:
This very old case, dating from 1986, represents a zenith in delay methodology. This court has issued orders to eliminate and/or reduce such machinations, albeit, it would seem, without much success. The court will not, however, relent in its efforts to see this action reach trial. The court’s patience is being tested here, and counsel are admonished that substantial sanctions and costs may be the next step. Plaintiffs allege they sustained their injuries on February 12, 1984, almost 10 years ago to the day.
On August 6, 1993, this court certified that this action was ready for trial, and thereafter, plaintiffs filed a note of issue on October 4, 1993.
By short form order, dated August 16, 1993, this court directed, inter alia: "5. Defendants’ responses to outstanding expert demands by Plaintiff or other parties shall be served within thirty (30) days from the receipt by said Defendants of Plaintiff’s response to Defendants’ expert demands.” As that order recites, the foregoing was agreed to by counsel.
It is undenied that plaintiffs furnished their response to defendants’ expert demands; however, defendants have failed *785 to comply with plaintiffs’ expert demands, except to offer statements by their counsel to the effect that experts have not been retained and that when they are, counsel will supply the expert information and give it sufficiently in advance of trial.
At numerous conferences held by the court with counsel, discussion was had with respect to expert demands, and at none of these was it suggested that all defendants’ counsel had to do was ask each other whether an expert had been retained, i.e., "to communicate with each other to advise whether or not they had yet obtained an expert.” From what had transpired previously, it is obvious that counsel knew they were to give specific expert disclosure as required by the statute. This they have all neglected and/or refused to do, despite the existence of a court order.
Defendants cite CPLR 3101 (d), Dunn v Medina Mem. Hosp. (131 Misc 2d 971 [1986]) and Salander v Central Gen. Hosp. (130 Misc 2d 311 [1985]) for the proposition that they have no obligation to give expert information at any particular time. These citations miss the mark.* CPLR 3101 (d) (1) (i) specifically provides when the expert information is to be provided: ”[u]pon request, each party shall” (emphasis added). The word "upon” means "[w]ith little or no interval after.” (Webster’s New International Dictionary 2800 [2d ed unabridged].)
Aside from the fact that these defendants agreed to such expert disclosure on a specific timetable, this court may fix specific dates within which disclosure shall be completed. The Uniform Rules for Trial Courts provide that this court should establish a timetable for the completion of all disclosure proceedings and that all of same should be completed within 12 months from the assignment of the case to a Judge, a time which obviously has long passed. (22 NYCRR 202.12 [c] [2].) The expert provisions of CPLR 3101 (d) are clearly part of discovery and should normally be completed before a case is certified. Thus, the court need not leave a party — here plaintiffs — to be prejudiced by defendants’ whim. Moreover, it is incredible for any of these defendants to claim that they have failed to consult with and retain one or more experts for purposes of this case, given the magnitude of the injuries alleged and vigor with which this case has been defended. Indeed, defendant Van Blarcom’s counsel acknowledges having retained an expert but asserts that such expert died not long ago. Van Blarcom’s counsel failed to respond to plaintiffs’ *786 counsel’s letter requesting a time within which another expert would be retained and when he could expect to receive a response to his expert demand.
Although defendants The Coleman Company, Inc. (Coleman) and J.C. Penney Co. (Penney), which are represented by the same law firm, seek a stay pending appeal, until now no stay of the present proceedings was even sought, much less in place. Therefore, said defendants’ failure to comply is equally deplorable.
Defendants Continental and Van Blarcom both cite Salander v Central Gen. Hosp. (130 Misc 2d 311 [1985] [Balletta, J.], supra) as supporting their positions; however, each ignores the clear implications of such decision: that disclosure should be completed on both sides, including expert disclosure. Judge Balletta quoted from the legislative memorandum accompanying CPLR 3101 (d), which indicates the purpose is to encourage
"full disclosure of 'expert opinion testimony’ * * *
" 'Although virtually all other information is now shared by litigants in civil practice, information concerning expert witnesses and their opinions remains shielded from disclosure. Since the testimony of expert witnesses is often the single most important element of proof in medical malpractice and other personal injury actions, sharing information concerning these opinions encourages prompt settlement by providing both parties an accurate measure of the strength of their adversaries’ case. In addition, both parties will be discouraged from asserting unsupportable claims or defenses, knowing that they will be required to disclose what, if any, expert evidence will support their allegations.’ ” (Supra, at 314-315.)
Judge Balletta, after noting that the request for expert information could be included in a bill of particulars, stated (at 316):
"The plaintiff should be forewarned that dilatory tactics in this regard will not be countenanced. The court notes that the amended CPLR 3101 (d) is very similar to the provisions of Federal Rules of Civil Procedure, rule 26. In dealing with similar situations, where a party has delayed in disclosing his expert, the Federal courts have employed a number of remedies. In one case, the plaintiff was directed to decide on its experts (Martin v Easton Pub. Co., 85 FRD 312 [US Dist Ct, ED Pa 1980]); and, in another, the party was warned that it would be precluded if it did not give sufficient notice as to its *787 experts so as to allow the other side time to prepare an effective cross-examination. (Wallace v Shade Tobacco Growers Agric. Assn., 21 FR Serv 2d 1130 [US Dist Ct D Mass 1975].) Finally, in a third case, the court warned a defendant that it would stay deposition of the plaintiff’s experts until such time as the defendant disclosed its experts. (Rupp v Vock & Weiderhold, 52 FRD 111 [US Dist Ct ND Ohio 1971].)
"It is clear that in order to effectuate the purposes of the medical malpractice reform law, equally ingenious methods may be required to compel the disclosure of experts and expert testimony sufficiently in advance of the date of trial so as to prevent surprise and undue prejudice to the other side.”
Accordingly, the court directs defendants to select their experts and supply the information required by CPLR 3101 (d) within 40 days from the date upon which a copy of this order is served upon defendants’ counsel by plaintiffs’ counsel. In the event any defendant shall fail to comply with the foregoing, said defendant shall be precluded from producing at the trial of this action any expert witness not divulged in compliance with CPLR 3101 (d).
The plaintiffs’ motion is granted to the extent set forth herein and otherwise denied. Defendants Coleman and Penney’s cross motion is denied.
As noted above, CPLR 3101 (d) has the Legislature’s imprimatur for a time limit within which compliance with the statute must be had. (Cf., Dunn v Medina Mem. Hosp., 131 Misc 2d 971 [1986], supra.) Moreover, given the issues involved in this case, including the complexity of the technical proof and the volume of paper disclosed, any claims made by an adverse expert might take a considerable time to explore and refute. As noted, this case was certified on August 6, 1993, as ready for trial, and the note of issue was filed on October 4, 1993. No good cause could now or later be shown for any defendant’s failure to retain an expert by this time and certainly within the time set forth herein. CPLR 3101 (d) (1) (i) provides that this court may make "whatever order may be just” if "a party for good cause shown retains an expert an insufficient period of time before the commencement of trial to give appropriate notice thereof’ (emphasis added). Under the facts of this case, giving notice later than the date set herein *788 for doing so must be deemed "an insufficient period of time before the commencement of trial to give appropriate notice thereof’.
This court has made its determination on each of the grounds set forth in this order.

 See also, Lillis v D’Souza (174 AD2d 976 [4th Dept 1991]).