■ SHELDON HANSEL et al., Appellants, v THEODORE E. LAMB, Respondent. [684 NYS2d 20] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered March 24, 1997 in Otsego County, upon a verdict rendered in favor of defendant.

This case has its genesis in an accident in which a tractor operated by plaintiff Sheldon Hansel (hereinafter plaintiff) was struck from behind by defendant's vehicle, a Chevrolet Suburban drawing a loaded trailer. The incident occurred shortly after plaintiff had pulled out of his driveway onto US Route 20 in the Town of Richfield, Otsego County. At trial, there was conflicting testimony as to, *inter alia*, the exact location of the tractor; whether plaintiff had been negligent in making an unnecessarily wide turn onto the road, on a blind curve, when there was a safer egress from his property; and the speed of defendant's vehicle. The jury found defendant had not been negligent in the operation of his vehicle and that plaintiff's negligence had caused the accident. Judgment was entered for defendant on the complaint and on his counterclaim. Plaintiff appeals.

Plaintiff maintains that Supreme Court committed reversible error by permitting defendant to elicit expert testimony from John Dinneen, a State Trooper who investigated the accident, notwithstanding defendant's failure to disclose his intention to utilize Dinneen in this capacity, pursuant to CPLR 3101 (d) (1) (i). Of the three objections that were registered on this ground with respect to specific questions put to Dineen, two were sustained. The only testimony that was admitted over counsel's express objection was Dinneen's statement that, based on his experience in investigating accidents involving articulated vehicles, he believed defendant's vehicle would have jackknifed had it been traveling at the speed attributed to it by plaintiff's expert. We view the circumstances here to be such that Supreme Court's decision to allow this testimony, as well as other expressions of opinion that arguably constituted expert proof, does not constitute an abuse of its broad discretion in this realm (*see, Stafford v Molinoff*, 228 AD2d 662, 663; *Marra v Hensonville Frozen Food Lockers*, 189 AD2d 1004, 1005; *cf., McDermott v Alvey, Inc.,* 198 AD2d 95). Notably, plaintiff could not have been surprised by the introduction of reconstruction evidence, for defendant had previously informed plaintiff of his intention to educe such testimony from a different individual (who was, however, not called to testify). Moreover, there is no indication that defendant intentionally or willfully withheld notice that this proof would be offered (*see, Lillis v D'Souza*, 174 AD2d 976, *lv denied*, 78 NY2d 858).

Plaintiff's remaining contentions require little comment. As for the assertion that the verdict was against the weight of the evidence, it is enough to note that the sharp conflicts between the testimony of plaintiff's witnesses and those called by defen-

dant presented clear credibility questions, which the jury resolved in defendant's favor (cf., id., at 977). In particular, the opinion of plaintiff's expert as to how the accident occurred was premised upon the testimony of plaintiff and his wife, interested witnesses whose accounts were contradicted by other evidence (including photographs of the accident scene), and whose credibility, the jury could have concluded, was rendered doubtful by impeaching evidence.

And, inasmuch as plaintiff's argument relating to the correctness of Supreme Court's jury charge was not preserved for review, and because we are not persuaded that the interest of justice nevertheless warrants reversal, the judgment is affirmed.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.