■ JEFFREY HERRERA, an Infant, by His Mother and Natural Guardian, ANA BATISTA, et al., Respondents, v KAMINI PERSAUD et al., Appellants. [714 NYS2d 26] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered November 19, 1999, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered December 1, 1999, which denied defendants' motion to preclude plaintiffs from offering expert testimony, unanimously reversed, on the law and

the facts, without costs, and the motion granted unless plaintiffs' counsel pay the sum of $500 to defendants' counsel within 30 days after service of a copy of this order with notice of entry, in which case the denial of preclusion is affirmed.

Plaintiffs commenced this action to recover for injuries allegedly attributable to the infant plaintiff's ingestion of lead paint on defendants' premises. Despite a specific demand in defendants' bill of particulars, a CPLR 3101 (d) (1) request, and a preliminary conference order mandating the exchange of all witnesses' names, plaintiffs failed to disclose the existence of one of their expert witnesses until after they filed their note of issue, and then only in their opposition to defendants' motion for summary judgment. Plaintiffs' late disclosure of their expert witness raises the inference of an intentional withholding. Accordingly, we deem it appropriate to grant defendants' motion to preclude conditionally. Pursuant to this grant of relief, plaintiffs, in light of all the circumstances, including the lack of prejudice to defendants from their delay in disclosure, are to be afforded a final opportunity to avoid the harsh remedy of preclusion (*see*, *McDermott v Alvey, Inc.*, 198 AD2d 95; *Busse v Clark Equip. Co.*, 182 AD2d 525).

Furthermore, summary judgment was properly denied. It is clear that defendants had notice that the infant plaintiff, seven years of age at the time of the alleged lead ingestion, resided in an apartment in defendants' multiple dwelling, and, although plaintiffs have not proved that the building was constructed prior to 1960, it was defendants' burden, as summary judgment movant (*see*, *Zuckerman v City of New York*, 49 NY2d 557, 562), to demonstrate, prima facie, that their building had been constructed subsequent to January 1, 1960 and, accordingly, that the presumption set forth in Administrative Code of the City of New York § 27-2013 (h) was not applicable against them. Having failed to made such a showing, there remains, at the very least, a triable issue as to whether defendants are "chargeable with notice of [the] hazardous lead condition" (*Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 638; *Woolfalk v New York City Hous. Auth.*, 263 AD2d 355, 356). Concur—Rosenberger, J. P., Nardelli, Williams, Mazzarelli and Wallach, JJ.