■ Angie Cela et al., Respondents, v Goodyear Tire & Rubber Company et al., Appellants, and City of New York, Respondent. [730 NYS2d 323] —Order, Supreme Court, New York County (Marcy Friedman, J.), entered November 21, 2000, which denied the motion of defendant Goodyear Tire & Rubber Company (Goodyear) for summary judgment dismissing the complaint, unanimously affirmed, with costs. Order, same court and Justice, entered December 29, 2000, which denied Goodyear's motion to preclude plaintiffs from offering expert testimony, unanimously reversed, on the law and the facts, without costs, and the motion granted unless plaintiffs' counsel pay the amount of $1,000 to Goodyear's counsel within 30 days after service of a copy of this order with notice of entry, in which event the denial of preclusion is affirmed.

Plaintiffs brought this action for injuries allegedly sustained by reason of a sidewalk defect in front of Goodyear's premises. Despite a specific demand in a CPLR 3101 (d) (1) request made on February 18, 1999, plaintiffs failed to produce their engineer's report, pertaining to an inspection conducted by their engineer on January 15, 1999, and even denied that they had retained an expert, until after they filed their note of issue, and then disclosed the engineer's report only in opposing Goodyear's motion for summary judgment. Plaintiffs' failure to produce their engineer's report under these circumstances naturally raises the inference of an intentional withholding (see, Kassis v Teachers Ins. & Annuity Assn., 258 AD2d 271, 271-272). Nevertheless, in view of Goodyear's failure to demonstrate any actual prejudice, we deem it appropriate to afford plaintiffs a final opportunity to comply by granting Goodyear's motion to preclude conditionally (see, McDermott v Alvey, Inc., 198 AD2d 95; see also, Herrera v Persaud, 276 AD2d 304).

Plaintiffs' withholding of their engineer's report notwithstanding, defendant Goodyear's motion for summary judgment was properly denied. The record indicates that curb cuts at the sidewalk surrounded the driveways leading to the bays in Goodyear's auto service center; that the sidewalk was 20 feet

wide and near the bay doors; and that Goodyear's own store manager testified to observing cars parked on the sidewalk, a circumstance confirmed by photographs submitted by plaintiff. This evidence provides strong indication that Goodyear made special use of the abutting sidewalk where plaintiff tripped (*see, Infante v City of New York,* 258 AD2d 333) and suffices to raise a factual issue as to whether Goodyear was responsible for the sidewalk defect to which plaintiff attributes her injury.

Moreover, Goodyear has failed to demonstrate that the alleged sidewalk defect was trivial as a matter of law (*see, Trincere v County of Suffolk,* 90 NY2d 976). Although less than an inch deep, the defect, apparently an irregular zig-zag-like depression, between a foot and two feet in length, with sharp rather than gradual edges, is of sufficient magnitude to raise a jury issue as to whether it suffices as a basis for liability (*see, Nin v Bernard,* 257 AD2d 417). Concur—Nardelli, J. P., Williams, Tom, Andrias and Marlow, JJ.