◼ Allison Rowan, Appellant, v Cross County Ski & Skate, Inc., et al., Respondents. [840 NYS2d 414]—

In an action to recover damages for personal injuries, the

plaintiff appeals from a judgment of the Supreme Court, Westchester County (Barone, J.), entered December 22, 2005, which, upon the denial of that branch of her motion in limine which was to preclude the defendants' expert from testifying at trial, and upon a jury verdict on the issue of liability, is in favor of the defendants and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff allegedly was injured during a skiing accident. She claimed that the skis' bindings did not release during her fall because they were improperly set by the defendants, and that as a result, she was caused to sustain a knee injury. Two weeks before the trial was scheduled to commence, the defendants served expert witness information upon the plaintiff pursuant to CPLR 3101 (d). This information included the report of an expert who opined, inter alia, that the alleged failure of the bindings to release could not have caused the plaintiff's injury. The plaintiff did not seek an adjournment of the trial, but instead made a motion in limine to preclude the defendants' expert from testifying at trial. The Supreme Court denied the motion. After trial, the jury found that the defendants were negligent, but that their negligence was not a substantial factor in bringing about the plaintiff's knee injury.

Contrary to the plaintiff's contention, the court properly permitted the defendants' expert to testify. "CPLR 3101 (d) (1) (i) does not require a party to respond to a demand for expert witness information at any specific time nor does it mandate that a party be precluded from proffering expert testimony merely because of noncompliance with the statute, unless there is evidence of intentional or willful failure to disclose and a showing of prejudice by the opposing party" (*Hernandez-Vega v Zwanger-Pesiri Radiology Group*, 39 AD3d 710, 710-711 [2007] [internal quotation marks omitted]; *see Cutsogeorge v Hertz Corp.*, 264 AD2d 752 [1999]; *Aversa v Taubes*, 194 AD2d 580 [1993]). Here, the record does not support a conclusion that the defendants' delay in retaining their expert or in serving their expert information was intentional or willful. Furthermore, disclosure of the expert information was not made on the eve of trial since the plaintiff had two weeks within which to review the material prior to the date when the trial was scheduled to begin. Moreover, any potential prejudice to the plaintiffs could have been eliminated by an adjournment of the trial (*see Shopsin v Siben & Siben*, 289 AD2d 220 [2001]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was to preclude the defendants' expert from testifying at trial.

The plaintiff's remaining contention is without merit. Mastro, J.P., Santucci, Krausman and Carni, JJ., concur.