Mazzurco v Gordon (2019 NY Slip Op 04930)





Mazzurco v Gordon


2019 NY Slip Op 04930


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-11973
2017-11975
 (Index No. 10774/13)

[*1]Vincent Mazzurco, respondent, 
v
Peter S. Gordon, etc., et al., appellants.


Law Offices of Richard J. DaVolio, P.C., Sayville, NY, for appellants.
Anthony J. Piacentini, Port Washington, NY, for respondent.



DECISION & ORDER
In an action to recover damages for legal malpractice, the defendants appeal (1) from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated October 6, 2017, and (2), by permission of the Supreme Court, Suffolk County, from an order of the same court, also dated October 6, 2017. The first order dated October 6, 2017, granted, as unopposed, those branches of the defendants' application which were to limit the plaintiff's cross-examination of the defendants at trial and to preclude the plaintiff from offering at trial the testimony of three fact witnesses. The second order dated October 6, 2017, insofar as appealed from, upon granting the plaintiff's application for a continuance of the trial conditioned, inter alia, on the payment of the sum of $7,500 by the plaintiff's counsel to the defendants and/or their counsel, denied those branches of the defendants' application which were to preclude the plaintiff's damages expert from testifying at trial and to dismiss the complaint upon such preclusion.
ORDERED that the appeal from the first order is dismissed as abandoned; and it is further,
ORDERED that the second order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
During a pretrial conference on September 25, 2017, after jury selection, but before opening statements, at the Supreme Court's request for a list of his witnesses, the plaintiff, for the first time, identified, among others, a damages expert. The defendants made an application, inter alia, to preclude the testimony of the proposed damages expert for failure to comply with CPLR 3101(d)(1)(i), and, upon such preclusion, to dismiss the complaint. In an order dated October 6, 2017, upon granting the plaintiff's application for a continuance of the trial conditioned, inter alia, on the payment of the sum of $7,500 by the plaintiff's counsel to the defendants and/or their counsel, the court denied those branches of the defendants' application which were to preclude the plaintiff's damages expert from testifying at trial and to dismiss the complaint upon such preclusion. The defendants appeal.
CPLR 3101(d)(1)(i) requires a party to disclose his or her expert witness and certain expert information when served with a proper demand, but does not require a response at any [*2]particular time or "mandate that a party be precluded from proffering expert testimony merely because of noncompliance with the statute" (Rowan v Cross Country Ski & Skate, Inc., 42 AD3d 563, 564; see Rivers v Birnbaum, 102 AD3d 26, 35; Saldivar v I.J. White Corp., 46 AD3d 660, 661). Trial courts are vested with broad discretion "in making determinations concerning matters of disclosure," including imposing a penalty on a party for its failure to comply with CPLR 3101(d)(1)(i) (Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 209; see Rivers v Birnbaum, 102 AD3d at 52; McColgan v Brewer, 84 AD3d 1573, 1576). Generally, preclusion is unwarranted without evidence of intentional or willful failure to disclose and a showing of prejudice by the party seeking preclusion (see Rowan v Cross Country Ski & Skate, Inc., 42 AD3d at 564; Aversa v Taubes, 194 AD2d 580, 582). Here, there was no evidence that the plaintiff's failure to disclose his damages expert was intentional or willful, and the prejudice to the defendants was alleviated by the Supreme Court's conditional continuance of the trial to permit completion of expert disclosure along with the imposition of monetary sanctions (see Burbige v Siben & Ferber, 115 AD3d 632, 633, citing Shopsin v Siben & Siben, 289 AD2d 220; Aversa v Taubes, 194 AD2d at 582). Accordingly, the court providently exercised its discretion in denying those branches of the defendants' application which were to preclude the plaintiff's damages expert from testifying at trial and to dismiss the complaint upon such preclusion.
The plaintiff's remaining contention is without merit.
Since the defendants raise no argument in their briefs regarding their appeal from the other order dated October 6, 2017, we must dismiss their appeal from that order as abandoned (see Chu v Pan, 72 AD3d 866, 868).
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court