Giovinazzo-Varela v Varela (2023 NY Slip Op 04441)

Giovinazzo-Varela v Varela

2023 NY Slip Op 04441

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-03890
 (Index No. 50744/17)

[*1]Alise Giovinazzo-Varela, respondent,
v
Wilson Varela, appellant.

Adelola Sheralynn Dow, Staten Island, NY, for appellant.
Claire Cody Miller (Law Office of Arnold E. DiJoseph, P.C., New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Richmond County (Dennis Owens, Ct. Atty. Ref.), dated April 19, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to preclude the defendant from offering the expert testimony of Daniel Wolstein and his report at trial.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was to preclude the defendant from offering the expert testimony of Daniel Wolstein and his report at trial is denied.
In September 2018, the plaintiff served the defendant with discovery demands, including a request for expert witness disclosure (see CPLR 3101[d]). The defendant, in his response, did not state that he intended to retain an expert. More than one year later, the defendant advised the Supreme Court that he intended to retain a vocational expert to assess the plaintiff's ability to obtain employment. In July 2020, the defendant sent the plaintiff a "Notice of Expert and Demand to Submit to Examination," which informed the plaintiff that he intended to call Daniel Wolstein as a vocational expert witness at trial. He also provided the plaintiff with Wolstein's curriculum vitae. In March 2021, after the note of issue and certificate of readiness were filed, the defendant served the plaintiff with a draft copy of Wolstein's report, dated September 21, 2020.
Thereafter, the plaintiff moved, among other things, to preclude the defendant from offering the expert testimony of Wolstein and his report at trial. The defendant opposed the motion. The Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to preclude [*2]the defendant from offering the expert testimony of Wolstein and his report at trial. The defendant appeals.
"CPLR 3101(d)(1)(i) requires a party, upon request, to identify the expert witnesses the party expects to call at trial" (Begley v City of New York, 111 AD3d 5, 36). However, CPLR 3101(d)(1)(i) "does not require a response at any particular time or mandate that a party be precluded from proffering expert testimony merely because of noncompliance with the statute" (Mazzurco v Gordon, 173 AD3d 1001, 1002 [internal quotation marks omitted]; see Rowan v Cross County Ski & Skate, Inc., 42 AD3d 563, 564).
Here, the defendant served his expert notice prior to a trial date being set, and thus it was not untimely (see Louise v Hampton Jitney, Inc., 193 AD3d 514, 514; Rivera v New York City Hous. Auth., 177 AD3d 499). Further, the notice was not deficient. It identified the expert witness, indicated that he was a vocational expert, and included the expert's qualifications. Although the notice did not include the expert's opinion and grounds for that opinion, that information was in the draft report that was received by the plaintiff prior to the trial date being set (see CPLR 3101[d]).
The defendant also complied with the requirements set forth in 22 NYCRR 202.16(g) by disclosing his expert witness shortly after the expert had been retained (see generally Bauernfeind v Albany Med. Ctr. Hosp., 195 AD2d 819, 820), and serving the expert report more than 60 days before trial (see 22 NYCRR 202.16[g][2]).
DILLON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court