■ SUZANNE HOWARTH, Appellant, v PATRICK W. O'DALY, Respondent, et al., Defendants. [633 NYS2d 385] —In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Owen, J.), entered March 1, 1994, which, upon granting the motion of the defendant Patrick William O'Daly to dismiss the complaint based upon the plaintiff's failure to comply with CPLR 3101 (d), dismissed the action.

Ordered that the order and judgment is affirmed, with costs.

CPLR 3101 (d) makes plain that a party in a medical malpractice action "may omit" the name or identity of his expert witness in responding to a CPLR 3101 request but that, upon a proper demand, he or she must nevertheless disclose all other information specified under the statute: the subject matter of the testimony, the substance of the facts and opinions underlying the testimony, the expert's qualifications, and a summary of the grounds for the opinion *(see, e.g., Jasopersaud v Tao Gyoun Rho,* 169 AD2d 184). The party upon whom the demand is made may not, as in this action, elect not to respond in any

manner, without having moved for a protective order, simply because he or she believes that the discovery demand improperly requests the disclosure of an expert's identity. Mangano, P. J., Miller, Santucci and Hart, JJ., concur.