■ SEBASTIAN MORABITO, Appellant, v HUDSON VALLEY PLASTIC SURGEONS, P. C., et al., Respondents. [729 NYS2d 634] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated October 6, 2000, which granted the defendants' motion to preclude him from offering expert testimony at trial unless he submitted additional responses to their expert witness demand, and remitted the sum of $350 to their attorney.

Ordered that the order is modified by deleting the provision thereof which required additional responses to demands 6 and 8 in the expert witness demand, and substituting therefor a provision that the plaintiff is not required to submit additional responses to those demands; as so modified, the order is affirmed, with costs to the defendants.

The Supreme Court properly required the plaintiff to supplement his responses to demand numbers 2, 4, 5, and 7 in the defendants' expert witness demand, as he failed to move for a timely protective order with respect to those demands (*see, Howarth v O'Daly,* 221 AD2d 318). However, the Supreme Court erred to the extent that it required additional responses to demand numbers 6 and 8 in the Expert Witness Demand, as the plaintiff's responses to those demands sufficiently disclosed, in reasonable detail, the subject matter as to which the plaintiff's expert was expected to testify, and the substance of the facts and opinions on which that testimony would be based (*see,* CPLR 3101 [d] [1] [i]). Ritter, J. P., Altman, McGinity, Smith and Cozier, JJ., concur.